

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-1-2005

# Ortega v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2529

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ortega v. Atty Gen USA" (2005). *2005 Decisions*. Paper 171.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/171

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2529
_____

YOLANDA ORTEGA,

Appellant


v.


ATTORNEY GENERAL OF THE
UNITED STATES; BUREAU OF IMMIGRATION
& CUSTOMS ENFORCEMENT

_____

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. A90 247 104)
(initially docketed as an appeal from D. N.J. Civ. No. 03-CV-04172)

_____


Submitted Under Third Circuit LAR 34.1(a)
November 22, 2005

Before:  SLOVITER, SMITH AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed:  December 1, 2005)


_____


OPINION

_____


PER CURIAM

        Yolanda Ortega filed an appeal from an order of the United States District Court

for the District of New Jersey, denying her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the Real ID Act of 2005, § 106(c), Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), the pending appeal has been converted into a petition for review. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005).[1]

An IJ found Ortega removable on three grounds: (1) conviction of a crime involving moral turpitude; (2) conviction of a controlled substance violation; and (3) having engaged in prostitution within 10 years of the date of application for visa, admission or adjustment of status. Ortega admitted the factual allegations, but applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(a).[2] The IJ pretermitted her application, finding that her period of continuous residence terminated in 1991 when she

---

[1] This court's review would ordinarily extend only to review of the BIA's order entered August 5, 2003, denying Ortega's motion for reconsideration, because the petition for review was only timely as to that order. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986). Pursuant to section 106(c) of the REAL ID Act, the 30 day time period for filing a petition for review, 8 U.S.C. § 1252(b)(1), does not apply to cases pending in the District Court on the effective date of the Act and transferred to a court of appeals pursuant to the provisions of the Act. Similarly, a pending appeal that has been converted to a petition for review should not be subject to the time limits of section 1252(b)(1). We thus have jurisdiction to consider the BIA's April 8, 2003 decision denying Ortega's appeal from the decision of an Immigration Judge (IJ) as well as the order denying her motion for reconsideration.

[2] That provision allows the Attorney General to cancel removal for permanent resident aliens who--(1) have been lawfully admitted for permanent residence for not less than 5 years; (2) have resided in the United States continuously for 7 years after having been admitted in any status, and (3) have not been convicted of any aggravated felony. 8 U.S.C.A. § 1229b(a). Ortega was admitted as a conditional permanent resident in 1987. However, pursuant to § 1229b(d)(1), the period of continuous residence terminates when the alien has committed an offense referred to in 8 U.S.C. § 1182(a)(2), including prostitution.

2

was convicted of prostitution. The BIA dismissed the appeal, agreeing with the IJ that Ortega was removable as charged and had not accrued the requisite 7 years of continuous residence for cancellation of removal.

Ortega then filed a "motion to reconsider," in which she alleged that she was a "national" of the United States because she had applied for naturalization; that she was eligible for a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act [8 U.S.C. § 1182(h)], and that the § 212(h) waiver would allow her to overcome the termination of the period of continuous residence required for cancellation of removal. The BIA denied the motion to reconsider, as the matters raised in the motion "could and should have been raised in conjunction with the respondent's appeal."

In her habeas petition, Ortega again asserted that she is a U.S. national, sought review of the decision denying cancellation of removal, argued that she should receive a § 212(h) hearing and argued that she was eligible for relief pursuant to INA § 212(c). We will deny her petition for review for the same reasons that the District Court gave for denying her § 2241 petition.

In particular, as the District Court noted, the BIA properly applied the stop-time rule of 8 U.S.C. § 1229b(d)(1) to find that Ortega's period of continuous residence stopped when she was convicted of prostitution. The 1996 amendment that changed how continuous presence is calculated may be applied to all cases pending on or brought after September 30, 1996. See Pinho v. INS, 249 F.3d 183 (3d Cir. 2001). Thus, Ortega could

3

not meet the prerequisites for cancellation of removal.

The District Court properly noted that Ortega is not a national. A national is either a citizen of the United States, or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). For a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'" Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003). Because Ortega has not completed the naturalization process, she is neither a citizen nor a national, even though she applied for naturalization.

We may not consider Ortega's arguments that she is eligible for relief pursuant to INA §§ 212(c) and 212(h), as she did not exhaust her administrative remedies as to those arguments. See Bonhometre, 414 F.3d at 447 (requiring alien to raise an issue to BIA in a manner that allows it to correct an error before seeking judicial review). We recognize that Ortega raised her claim for relief pursuant to § 212(h) in her Motion to Reconsider filed with the BIA. However, a new ground for relief does not constitute an error of fact or law warranting reconsideration. See 8 C.F.R. § 1003.2(b)(1). A motion to the BIA to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). As Ortega failed to identify any such errors, the BIA did not abuse its discretion in denying Ortega's motion for reconsideration.

For the foregoing reasons, the petition will be denied.