**ZHAO LU XUAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2602–ag.**

United States Court of Appeals, Second Circuit.

May 19, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**46**

Pro Se, Flushing, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Christina Bechak Parascandola, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhao Lu Xuan, a native and citizen of the People's Republic of China, seeks review of the May 21, 2007 order of the BIA denying his motion to reconsider. *In re Zhao Lu Xuan,* No. A98 772 116 (B.I.A. May 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, Xuan's brief to this Court largely reasserts the basis for his underlying asylum claim. However, because Xuan did not petition for review of the BIA's March 2007 affirmance of the IJ's September 2005 denial of his application for asylum, withholding of removal, and Convention Against Torture relief, we must limit our review to the BIA's May 2007 decision denying his motion to reconsider. *Cf. Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001).

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao,* 265 F.3d at 93 (internal citations omitted).

We find that the BIA did not abuse its discretion by denying Xuan's motion to reconsider. The BIA does not err in denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). To the extent Xuan argued that his prior attorney rendered ineffective assistance of counsel, the BIA properly noted that he failed to comply with the procedures set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). Because Xuan failed to comply with the *Lozada* requirements, he has forfeited his ineffective assistance of counsel claim in this Court. *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 47 (2d Cir.2005).

Moreover, we find that the BIA did not abuse its discretion in rejecting Xuan's belated argument that he suffered persecution in China based on his ethnicity. Indeed, because Xuan never raised this claim before the IJ or on appeal to the BIA, the BIA did not abuse its discretion in denying his motion to reconsider because this new claim does not specify "any errors of fact or law" in the BIA's March 2007 decision. 8 C.F.R. § 1003.2(b)(1). To the extent that Xuan raised new arguments in his motion to reconsider, those arguments could, and should, have been

raised in his appeal brief, and a "motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied." *Matter of O–S–G–*, 24 I. & N. Dec. 56, 58 (BIA 2006). Nor is Xuan's claim of persecution on account of his ethnicity a new fact that was previously unavailable such that reopening would have been proper. *See* 8 C.F.R. § 1003.2(c)(1).

Finally, because judicial review of a removal order is limited to the administrative record upon which the removal order is based, we will not consider the materials Xuan attached to his brief. *See* 8 U.S.C. § 1252(b)(4)(A); Fed. R.App. P. 16(a).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).