[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 06, 2011
JOHN LEY
CLERK

No. 11-11771
Non-Argument Calendar
_____

Agency No. A096-095-966

DIEGO ALEXANDER RODRIGUEZ-LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 6, 2011)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Diego Alexander Rodriguez-Lopez petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider its earlier denial of his three motions to reopen his removal proceedings, filed pursuant to 8 C.F.R. § 1003.2(b). After review, we dismiss in part and deny in part the petition for review.

## I. BACKGROUND FACTS

In 2002, Rodriguez-Lopez was listed as a derivative beneficiary on his father's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). After a hearing, an Immigration Judge denied all requested relief. The BIA affirmed. In 2006, this Court denied the subsequent petition for review. See Rodriguez Posada v. U.S. Att'y Gen., 179 F. App'x 612 (11th Cir. 2006).

In late 2009, Rodriguez-Lopez filed a series of three motions to reopen his removal proceedings, arguing that: (1) due to changed country conditions, he feared future persecution in Colombia; and (2) his father's counsel had provided ineffective assistance because the counsel did not file a separate asylum application for Rodriguez-Lopez based on his fear of future persecution. Rodriguez-Lopez contended that he feared forced conscription by the Colombian

2

Army or being kidnapped for ransom by guerilla groups who target those returning from the United States.

In August 2010, the BIA denied all three motions to reopen because, among other things, the motions to reopen did not demonstrate prima facie eligibility for relief. Specifically, the BIA concluded that the motions to reopen did not link either feared harm to a protected ground. Because Rodriguez-Lopez was not prima facie eligible for relief, he did not show he was prejudiced by his father's counsel's representation. Rodriguez-Lopez did not petition for review of these rulings.

Instead, Rodriguez-Lopez filed a motion to reconsider in September 2010. Rodriguez-Lopez's motion argued that, because military service in the Colombian Army is compulsory, Rodriguez-Lopez feared he would be either: (1) imprisoned and tortured as a military deserter; or (2) required to serve and would be targeted by guerilla groups, who think soldiers have taken the government's side politically. The BIA denied Rodriguez-Lopez's motion to reconsider on March 22, 2011. Rodriguez-Lopez then filed this petition for review of only the March 22, 2011 denial of his motion to reconsider.

## II. DISCUSSION

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).  A motion to reconsider that merely restates arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision.  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider."  Id. (quoting 8 C.F.R. § 1003.2(b)(1)) (alteration in original). Moreover, "[a] motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied."  In re O-S-G-, 24 I.&N. Dec. 56, 58 (BIA 2006).[1]

Here, the BIA did not abuse its discretion in denying Rodriguez-Lopez's motion to reconsider.  With respect to Rodriguez-Lopez's persecution claims, Rodriguez-Lopez's motion to reconsider did not point to any errors in the BIA's earlier rulings.  Rather, the motion to reconsider reasserted Rodriguez-Lopez's fear of being forced to serve in the Colombian Army or being kidnapped or harmed by guerilla groups.  Rodriguez-Lopez's motion to reconsider argued that

_____

[1]"We review the BIA's denial of a motion to reconsider for abuse of discretion."  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007).

the evidence he submitted with his earlier motions to reopen was sufficient to show changed country conditions.

We do note, however, that Rodriguez-Lopez's motion to reconsider, for the first time, alleged two new grounds for his fear of persecution: that he would be required to serve in the Colombian Army and targeted by guerrilla groups or, if he did not serve, he would be imprisoned and tortured by the government as a military deserter. Although Rodriguez-Lopez has not alleged any past persecution, his new arguments seek to tie Rodriguez-Lopez's fear of future persecution to either imputed political opinion or membership in a particular social group. One problem for Rodriguez-Lopez is that he did not make these nexus arguments in his three motions to reopen. Because, as to his persecution claims, Rodriguez-Lopez's motion to reconsider reiterated old arguments or raised new ones he could have made earlier in proceedings, the BIA did not abuse its discretion in denying his motion to reconsider.[2]

The BIA also did not abuse its discretion in denying Rodriguez-Lopez's motion to reconsider with respect to his claims of ineffective assistance of counsel. Rodriguez-Lopez's argument that the BIA applied the wrong standard of review in

---

[2]For the first time in his petition for review, Rodriguez-Lopez argues the he feared persecution on account of his imputed wealth as a person who had lived in the United States for many years. We lack jurisdiction to review this claim because it was not exhausted before the BIA. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006); INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).

5

denying his motions to reopen lacks merit.  The BIA properly assessed whether any alleged error by Rodriguez-Lopez's former counsel was prejudicial and whether Rodriguez-Lopez had shown prima facie eligibility for asylum.  See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2005) (concluding that an alien must show prejudice when he advances an ineffective assistance of counsel claim and that "[p]rejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different"); Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374-75 (11th Cir. 2007) (stating that the BIA may deny a motion to reopen for, inter alia, failure to establish prima facie eligibility for asylum). If, as the BIA concluded, Rodriguez-Lopez's three motions to reopen did not demonstrate prima facie eligibility for asylum, then he could not demonstrate prejudice from his prior counsel's failure to interview him or advise him to file his own asylum application apart from his father.[3]

Finally, to the extent Rodriguez-Lopez's petition for review challenges any decision other than the BIA's March 22, 2011 denial of his motion to reconsider,

_____

[3] Rodriguez-Lopez does not challenge either the BIA's denial of his motion to reconsider construed as a fourth motion to reopen or the BIA's denial of his motion to reconsider with respect to his request for CAT relief.  Accordingly, these issues are abandoned.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

we dismiss the petition for lack of jurisdiction.[4]  A motion to reconsider does not toll the time for filing a petition for review of the underlying order.  Stone v. INS, 514 U.S. 386, 394, 115 S. Ct. 1537, 1543-44 (1995); see also INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (requiring petition for review to be filed within thirty days of final order of removal).  And, a petition for review of a motion to reconsider does not permit review of other orders that were not timely included in the petition. Stone, 514 U.S. at 405-06, 115 S. Ct. at 1549; Fed. R. App. P. 15(a)(2)(C).  Thus, we lack jurisdiction to review Rodriguez-Lopez's arguments regarding the January 6, 2004 denial of his father's asylum application, the original May 13, 2005 removal order and the August 31, 2010 denial of Rodriguez-Lopez's three motions to reopen.  Insofar as Rodriguez-Lopez challenges these rulings, we dismiss his petition for review for lack of jurisdiction.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[4]We review our subject-matter jurisdiction de novo.  Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).