# United States Court of Appeals
## For the First Circuit

No. 12-1121

JESUS ARISTE MARTINEZ-LOPEZ,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Boudin,[*] Selya and Stahl,
Circuit Judges.

Sarita Rivera-Sasa and Rivera Sasa Immigration Law Offices on brief for petitioner.
Stuart F. Delery, Acting Assistant Attorney General, Civil Division, Ada E. Bosque, Senior Litigation Counsel, Office of Immigration Litigation and Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

January 4, 2013

[*]Judge Boudin heard oral argument in this matter and participated in the semble, but he did not participate in the issuance of the panel's opinion. The remaining two panelists issued the opinion pursuant to 28 U.S.C. § 46(d).

**SELYA**, **Circuit Judge**.  This petition for judicial review poses a question of first impression in this circuit: may an alien whose application for withholding of removal has been denied by the Board of Immigration Appeals (BIA) proffer, as the basis for a motion to reconsider, a ground for relief which, though previously available, was not previously asserted?  The BIA answered this question in the negative, and so do we.

The petitioner, Jesus Ariste Martinez-Lopez, is a Salvadoran national who entered the United States without inspection in 2004.  Approximately three years later, the Department of Homeland Security placed him in removal proceedings.  See 8 U.S.C. § 1182(a)(6)(A)(i).  The petitioner conceded removability and cross-applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT).

At a hearing before an immigration judge (IJ), the petitioner testified that he left El Salvador to avoid the violence endemic in gang recruitment and that he fears returning because such violence persists.  He added that his younger siblings and nephews, who remain in El Salvador, have been targeted for recruitment.  The gangs persevere in their enlistment efforts even though the petitioner's family (himself included) is composed entirely of practicing Christians and the gangs purport to respect Christian values.

-2-

The IJ made no specific credibility determination, and we will assume that the IJ deemed the petitioner's testimony generally credible. See id. § 1229a(c)(4)(C). The IJ nonetheless found that being targeted for gang recruitment, without more, did not afford a sufficient basis for the relief requested. Consequently, the IJ denied the petitioner's cross-application and entered an order of removal.

The petitioner appealed to the BIA.[1] He noted that, pursuant to statute, the Attorney General must withhold removal when "the alien's life or freedom would be threatened . . . because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." Id. § 1231(b)(3)(A). "[W]orking Salvadoran male[s] who [were] not [] gang member[s] and who refuse[] to join [] gang[s]," he asserted, constitute a "particular social group." Thus, threats to his life or freedom because of his membership in that group precluded his removal. The BIA rejected this assertion and affirmed the IJ's decision, holding that persons who resist gang recruitment do not constitute a "particular social group," membership in which would bar removal.[2]

---

[1] The petitioner did not contest either the denial of his asylum application (which had been found to be time-barred) or the denial of CAT protection. Consequently, we eschew any further reference to those claims.

[2] This holding appears to be consistent with relevant precedent. See, e.g., Mendez-Barrera v. Holder, 602 F.3d 21, 26-27

-3-

The petitioner did not file a petition for judicial review of this decision within the time allotted. See id. § 1252(b)(1). He did, however, file a timely motion to reconsider the order denying withholding of removal. See id. § 1229a(c)(6); 8 C.F.R. § 1003.2(b). In support, he argued, for the first time, that his family constituted a particular social group and that he feared persecution on account of his family membership. He also argued, again for the first time, that he feared persecution based on his (and his family's) strong religious beliefs.

The BIA denied the petitioner's motion for reconsideration because the motion did not identify any error of fact or law in the BIA's original decision. Rather, it improvidently attempted to inject into the case new theories of relief not previously asserted. Summarizing its position with conspicuous clarity, the BIA declared that a "motion to reconsider is not a vehicle for a second attempt at an appeal to raise new arguments which could have been, but were not, previously raised."

This timely petition for judicial review followed. The only ruling under review is the BIA's denial of the motion to reconsider; the original order denying withholding of removal is not before us.

The statute authorizing motions to reconsider in the immigration context is 8 U.S.C. § 1229a(c)(6). An implementing

(1st Cir. 2010).

-4-

regulation, 8 C.F.R. § 1003.2(b), elaborates upon this baseline provision. Under the terms of the regulation, "[a] motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." Id.

Our review of the denial of a motion to reconsider is for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Liu v. Mukasey, 553 F.3d 37, 40 (1st Cir. 2009). This is a deferential standard, and we will find an abuse of discretion only when the "denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003) (internal quotation marks omitted).

The petitioner envisions an abuse of discretion in the BIA's supposed departure from the policy limned in In re Cerna, 20 I. & N. Dec. 399, 402 n.2 (BIA 1991) (describing a motion to reconsider as "a request that the [BIA] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked" (internal quotation marks omitted)). In the petitioner's view, his new theories of relief comprise "additional legal arguments" within the Cerna framework.

The passage of time has eclipsed the petitioner's plaint. In Cerna, the BIA was applying an older, more fluid version of the

-5-

regulation elaborating upon the elements of a motion to reconsider. Id. at 401-02 (citing 8 C.F.R. § 3.8 (1991) (amended 1996)). Unlike the current version, the regulation then in force did not require that motions to reconsider "specify[] the errors of fact or law in the prior [BIA] decision." 8 C.F.R. § 1003.2(b) (emphasis supplied). Instead, the regulation merely required that a motion to reconsider "state the reasons upon which the motion is based." 8 C.F.R. § 3.8 (1991) (amended 1996).

To be sure, even after changes in the regulation were made, courts sometimes treated Cerna as authoritative. See, e.g., Asemota v. Gonzales, 420 F.3d 32, 33-34 (1st Cir. 2005). But the BIA clarified the situation in In re O-S-G, 24 I. & N. Dec. 56 (BIA 2006). There, the BIA made clear that the "additional legal arguments" referenced in Cerna cannot relate to grounds for relief not previously asserted. Id. at 58. The BIA stated flatly that motions to reconsider are intended only to cure errors (factual or legal) in the prior BIA decision. Id. Under this approach, "[a] motion to reconsider is not a mechanism by which a party may file a new brief before the [BIA] raising additional legal arguments that are unrelated to those issues raised before the [IJ] and on appeal" or arguments that "could have been raised earlier in the proceedings." Id. This gloss is wholly consistent with the text of the implementing regulation as it now stands. See 8 C.F.R. § 1003.2(b)(1).

-6-

The revisions in the regulatory format and the BIA's decision in O-S-G combine to refute the argument made by the petitioner. Both the motion for reconsideration at issue here and the BIA's denial of it occurred in 2011. At that point in time, the BIA's denial of a motion to reconsider that depends on arguments not previously advanced was not a departure from its established policy. To the contrary, such a ruling comported with the current text of the regulation and the BIA's holding in O-S-G that a motion to reconsider is not an appropriate vehicle for introducing new grounds of relief into a case.

In upholding the BIA's exercise of its discretion to deny reconsideration based on grounds previously available but not previously asserted, we do not write on a pristine page. Seven other courts of appeals have grappled with this question and have held, as we do, that the office of a motion to reconsider in an immigration case, under current law, is ordinarily limited to the consideration of factual or legal errors in the disposition of issues previously raised. Three of these courts have reached this result in published opinions. See Raghunathan v. Holder, 604 F.3d 371, 378 (7th Cir. 2010); Omari v. Holder, 562 F.3d 314, 319 (5th Cir. 2009); Membreno v. Gonzales, 425 F.3d 1227, 1230 n.5 (9th Cir. 2005) (en banc). Four others have come to the same conclusion albeit in unpublished opinions. See Rodriguez-Lopez v. U.S. Att'y Gen., 454 F. App'x 734, 736-37 (11th Cir. 2011) (per curiam); Zhao

-7-

Lu Xuan v. Mukasey, 278 F. App'x 45, 46-47 (2d Cir. 2008); Ortega v. Att'y Gen. of U.S., 159 F. App'x 357, 360 (3d Cir. 2005) (per curiam); Xie v. Ashcroft, 119 F. App'x 516, 517 (4th Cir. 2005) (per curiam).

In the case at hand, the BIA's order was in line with the framework erected in 8 C.F.R. § 1003.2(b)(1) and embraced in O-S-G. The petitioner's belated claims that he fears persecution based on his family membership or his religion are entirely new. These claims could have been brought at the inception of the removal proceedings, but the petitioner did not advance them at or near that time. Instead, he waited until his original claims were heard and rejected by both the IJ and the BIA. He then attempted to switch horses in midstream. Because his new claims are separate and distinct from the claims that he unsuccessfully asserted before the IJ and the BIA, the BIA did not abuse its discretion in dismissing his motion to reconsider.

We add a coda. The BIA's policy regarding motions to reconsider is not only lawful but also wise. It would be imprudent to invite an alien to put forth some claims for relief but allow him to keep others in reserve in case his original claims proved unavailing. Claim-splitting ought not to be encouraged; finality is an important consideration in the administration of justice, and removal proceedings — like other types of judicial and quasi-judicial proceedings — must reach an end-point. Common sense

-8-

suggests that there should be reasonable limits on how far down the road a party can go and still be permitted to change horses in hopes of finding a swifter steed. The BIA's present approach to the handling of motions to reconsider creates such a reasonable limit.

We need go no further. For the reasons elucidated above, we deny the petition for judicial review.

**So Ordered**.