**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLE SADIGHI, | No.    13-73286 |
| Petitioner, | Agency No. A099-420-518 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2016
Pasadena, California

Before:  PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Nicole Sadighi is a fourty-three year-old citizen of the United Kingdom who

was born in Iran.  The Board of Immigration Appeals ("BIA") dismissed her

appeal from an Immigration Judge's denial of her applications for asylum,

withholding of removal, and protection under the Convention Against Torture.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Sadighi then filed a four-paragraph motion for reconsideration with the BIA. The BIA denied the motion for reconsideration, but also *sua sponte* treated that same motion as a motion to reopen and subsequently denied it as well. Sadighi timely filed a petition for review of the BIA's decision.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider and a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We grant the petition for review in part, deny in part, and remand to the BIA.

The BIA did not abuse its discretion in dismissing Sadghi's motion for reconsideration as she did not support her motion to reconsider with any authority establishing that the BIA committed an error of law or fact as required by 8 U.S.C. § 1229a(c)(6)(C).

The BIA did abuse its discretion by *sua sponte* treating Sadighi's four-paragraph motion for reconsideration as a motion to reopen when the BIA stated

that Sadighi's counsel "offered no evidence whatsoever with the motion."[1] The

BIA noted that Sadighi's four-paragraph motion was not supported by "affidavits

or other evidentiary material," as required for a motion to reopen under 8 C.F.R.

§ 1003.2(c)(1). Thus, the BIA abused its discretion because it misapplied its own

regulation, 8 C.F.R. § 1003.2(c) (codified as 8 U.S.C. § 1229a(c)(7)). *See*

*Itrurribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

We emphasize that Sadighi may only file one motion to reopen under 8

U.S.C. § 1229a(c)(7)(A). By *sua sponte* construing Sadighi's four-paragraph

motion for reconsideration as a motion to reopen without any notice to Sadighi or

her counsel, the BIA unjustifiably deprived Sadighi of her one and only chance to

file a motion to reopen.

Therefore, we grant Sadighi's petition in part, deny in part, and remand to

the BIA. Upon remand, the BIA should afford Sadighi a reasonable amount of

---

[1] A "motion to reopen and a motion to reconsider are two separate and distinct motions with different requirements . . . ." *Chudshevid v. INS*, 641 F.2d 780, 783 (9th Cir. 1981). In contrast to a motion to reconsider where the applicant asks the BIA to consider something that may simply have been overlooked, a motion to reopen usually requires a showing of "new evidence or a change in factual circumstances." *Itrurribarria v. INS*, 321 F.3d 889, 896 (9th Cir. 2003); *see also Matter of Cerna*, 20 I.&N. Dec. 339, 403 (BIA 1991) (superseded by amended regulation as recognized in *Martinez-Lopez v. Holder*, 704 F.3d 169, 172 (1st Cir. 2013)) (finding that a motion to reopen seeks to reopen proceedings so that new evidence can be presented and a new decision entered on a different factual record normally after a further evidentiary hearing).

time to submit a fully briefed motion to reopen, supported by declarations and other evidence.

Each party shall bear its own costs on appeal.

**GRANTED in part, DENIED in part, and REMANDED for further proceedings consistent with this disposition.**