# Matter of L-M-P-, Applicant

*Decided April 27, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The Department of Homeland Security has the authority to file a motion to reconsider in Immigration Court.

(2) An applicant in withholding of removal only proceedings who is subject to a reinstated order of removal pursuant to section 241(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(5) (2012), is ineligible for asylum.

FOR APPLICANT: Chelsea E. HaleyNelson, Esquire, Oakland, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Nicole J. Thomas-Dorris, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, MULLANE, and LIEBOWITZ, Board Members.

LIEBOWITZ, Board Member:

In a decision dated March 15, 2017, an Immigration Judge denied a motion filed by the Department of Homeland Security ("DHS") requesting that the Immigration Judge reconsider her grant of asylum to the applicant.[1] The DHS has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The applicant is a native and citizen of Guatemala who was removed from the United States on August 6, 2013, and illegally reentered on August 10, 2013. On August 15, 2013, the DHS reinstated a prior order of removal against the applicant. The applicant expressed a fear of returning to Guatemala and was referred to an asylum officer for a reasonable fear interview pursuant to 8 C.F.R. § 1241.8(e) (2014). The asylum officer concluded that the applicant did have a reasonable fear of persecution, and the matter was referred to the Immigration Judge in accordance with 8 C.F.R.

---

[1] The applicant is in withholding of removal only proceedings, where we refer to aliens as "applicants." *See* 8 C.F.R. §§ 1208.2(c)(2)(i), 1208.31(e) (2017).

§ 1208.31(e) (2014) for consideration of the request for withholding of removal only.

Following that referral, the Immigration Judge granted the applicant's application for asylum in a decision dated August 1, 2016. Based on the intervening decision in *Perez-Guzman v. Lynch*, 835 F.3d 1066 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 737 (2018), the DHS filed a timely motion to reconsider with the Immigration Judge on August 31, 2016, arguing that the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, had clarified that the Immigration Judge's grant of asylum to the applicant was impermissible because she was subject to a reinstated order of removal pursuant to section 241(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(5) (2012). In denying the DHS's motion to reconsider, the Immigration Judge declined to address the merits, ruling instead that "the Act does not confer the ability to file a motion to reconsider on the DHS" and that the regulation at 8 C.F.R. § 1003.23(b)(1) (2016), which allows an Immigration Judge to accept a motion to reconsider from the DHS, is inconsistent with the Act. Thus, the Immigration Judge held that the DHS does not have the statutory authority to file such a motion in Immigration Court. In the alternative, the Immigration Judge found that the DHS's motion was barred by res judicata.

## II. ANALYSIS

The regulation at 8 C.F.R. § 1003.23(b)(1) explicitly gives the DHS authority to seek reconsideration and reopening in Immigration Court.[2] It specifically states that an Immigration Judge can reopen or reconsider any

---

[2]   The regulation at 8 C.F.R. § 1003.23(b)(1) provides, in pertinent part, as follows:

> Before the Immigration Court—(1) In general. An Immigration Judge may upon his or her own motion at any time, or *upon motion of the Service* or the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals. Subject to the exceptions in this paragraph and paragraph (b)(4), *a party* may file only one motion to reconsider and one motion to reopen proceedings. A motion to reconsider must be filed within 30 days of the date of entry of a final administrative order of removal, deportation, or exclusion . . . . A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion . . . . The time and numerical limitations set forth in this paragraph do not apply to *motions by the Service* in removal proceedings pursuant to section 240 of the Act.

(Emphases added.) References to the "Service" are to the Immigration and Naturalization Service, whose functions were transferred to the Department of Homeland Security in 2003. *See Clark v. Martinez*, 543 U.S. 371, 374 n.1 (2005) (noting the transfer of authority); *Matter of D-J-*, 23 I&N Dec. 572, 573 n.1 (A.G. 2003) (same).

case upon a motion of the DHS or an alien and that the DHS is not subject to the time and numerical limits for such motions in removal proceedings. Thus, according to the plain language of the regulations, both the DHS and the alien are permitted to file motions to reconsider and reopen before the Immigration Judge.

An Immigration Judge is without authority to disregard the regulations, which have the force and effect of law. *Matter of H-M-V-*, 22 I&N Dec. 256, 261 (BIA 1998) ("[O]nce a regulation is properly issued by the Attorney General, it is the obligation of this Board and the Immigration Judges to enforce it. Regulations promulgated by the Attorney General have the force and effect of law as to this Board and the Immigration Judges."); *see also, e.g.*, *Matter of Fede*, 20 I&N Dec. 35, 36 (BIA 1989). The Immigration. Judge nevertheless found the regulations to be inconsistent with the Act. It is unnecessary to go beyond the language of the regulations, but we nonetheless offer the following in response to the Immigration Judge's extended analysis.

Section 240(c)(6)(A) of the Act, 8 U.S.C. § 1229a(c)(6)(A) (2012), provides that an "alien may file one motion to reconsider a decision that the alien is removable from the United States."[3] Although the statute refers only to the "alien," we disagree with the Immigration Judge's conclusion that the language of the Act clearly and unambiguously grants the right to file a motion to reconsider to aliens alone. The express limitations on the alien's right to file motions do not necessarily indicate that only the alien has that right. In fact, the absence of any similar limitations on the DHS could be interpreted as meaning that Congress intended that the DHS be unencumbered by *any* limitations on its ability to file motions. We therefore find the language of section 240(c)(6) of the Act to be ambiguous.

The legislative history does not support the Immigration Judge's conclusion that section 240(c)(6) of the Act was intended to provide rights solely to the alien and to limit the DHS's ability to file motions. *See BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 187 n.8 (2004) (permitting resort to legislative history when the text of a statute is ambiguous); *Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1011 (9th Cir. 2011). The committee report for the amendments to the Act that added section 240(c)(6) indicates that they were designed to "streamline[] rules and procedures for removing illegal aliens," including "a streamlined appeal and

---

[3]  Similarly, section 240(c)(7)(A) provides that an "alien may file one motion to reopen proceedings." Both provisions were added to the statute by section 304(a)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-587, 3009-593. They were later redesignated as sections 240(c)(6) and (7) of the Act. REAL ID Act of 2005, Div. B, Pub. L. No. 109-13, § 101(d)(1), 119 Stat. 302, 304.

removal process"; to make "[r]elief from deportation . . . more strictly limited"; and to "make it easier to deny admission to inadmissible aliens and easier to remove deportable aliens from the United States." H.R. Rep. No. 104-469(I), at 107–08, 157 (1996), *available at* 1996 WL 168955. Moreover, in discussing the limitations on an alien's right to file motions, the commentary specifies only that "[a]liens are limited to a single motion to reconsider and a single motion to reopen removal proceedings." *Id.* at 159; *see also id.* at 231 ("An alien is limited to one motion to reconsider the decision of the immigration judge."). It includes no discussion about similar limitations placed on the DHS.

Further, in regard to the interim regulations implementing the statute, the former Immigration and Naturalization Service ("INS") acknowledged that several commenters argued that the same time and numerical "limitations should apply to all parties in all proceedings." Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed Reg. 10,312, 10,321 (Mar. 6, 1997) (codified at 8 C.F.R. § 3.23(b) (1998)). However, the INS rejected the argument, concluding that "Congress has imposed limits on motions to reopen, where none existed by statute before, and specifically *imposed those limits on the alien only*." *Id.* (emphasis added). It therefore determined that the regulations implementing the statute would continue to provide that time and number limits do not apply to motions by the Government in removal proceedings pursuant to section 240 of the Act. *See* 8 C.F.R. § 1003.23(b)(1).

It is also significant that the underlying purpose of a motion to reconsider is to address any "errors of fact or law in the Immigration Judge's prior decision." 8 C.F.R. § 1003.23(b)(2); *see also Matter of Cerna*, 20 I&N Dec. 399, 402 (BIA 1991) ("The very nature of a motion to reconsider is that the original decision was defective in some regard."), *superseded by amended regulation as recognized in Sadighi v. Lynch*, 670 F. App'x 446, 446 n.1 (9th Cir. 2016). There is no logical rationale for concluding that only one party is permitted to seek the correction of a defective decision. We therefore conclude that the Act does not preclude the DHS from filing a motion to reconsider before an Immigration Judge. Consequently, the Immigration Judge erred in denying the DHS's request for reconsideration without addressing the merits of the motion.

The Immigration Judge also erred in denying the DHS's motion based on the principle of res judicata, according to which "a final judgment on the merits bars a subsequent action between the same parties over the same cause of action." *Matter of Jasso Arangure*, 27 I&N Dec. 178, 180 (BIA 2017) (citation omitted). The DHS filed a timely motion to reconsider in accordance with the regulations, which provide that an Immigration Judge may "reopen or reconsider any case in which he or she has made a decision,

unless jurisdiction is vested with the Board of Immigration Appeals." 8 C.F.R. § 1003.23(b)(1).  Jurisdiction had not vested with the Board, and the DHS timely filed its motion prior to the expiration of its appellate deadline.  *See* 8 C.F.R. § 1003.38(b) (2016).  Thus, the Immigration Judge had jurisdiction over the motion.

Moreover, since the withholding of removal proceedings are subject to a timely motion to reconsider, the administrative process provided by the regulations has not been completed.  Therefore, the doctrines of res judicata and collateral estoppel are not applicable.  *See Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1323–24 (9th Cir. 2006) (rejecting a res judicata argument because the alien had not obtained a prior "*final* judgment, rendered *on the merits in a separate action*"); *cf. Bravo Pedroza v. Gonzales*, 475 F.3d 1358, 1360 (9th Cir. 2007) (finding that the "basic requirement of res judicata" had been met where the alien had "a prior final judgment on the merits in a separate action").  As the DHS properly noted, if we were to adopt the Immigration Judge's reasoning, the application of res judicata under these circumstances would bar timely movants from filing their motions.

We are not persuaded by the Immigration Judge's reliance on *Guevara v. Gonzales*, 450 F.3d 173 (5th Cir. 2006), in which the alien's situation was factually and procedurally different from the applicant's.  In that case, the DHS filed a motion to reconsider more than 2 years after the Board had terminated the removal proceedings.  *Id.* at 175.  Here, the DHS filed a timely motion to reconsider with the Immigration Judge in accordance with the regulations.  Therefore, we do not find that case to be applicable.  *See also, e.g.*, *Sosa-Valenzuela v. Holder*, 692 F.3d 1103, 1109–12 (10th Cir. 2012) (discussing the effect of a timely motion to reconsider filed by the DHS).

We also do not read *Stone v. INS*, 514 U.S. 386, 401 (1995), which addresses Federal court jurisdiction, as supporting the application of res judicata.  *See Sosa-Valenzuela*, 692 F.3d at 1111 (explaining that *Stone* does not impose any restrictions on the appellate jurisdiction of the Board but applies, instead, to parties seeking judicial review of agency actions); *see also Matter of Jasso Arangure*, 27 I&N Dec. at 181 (explaining that the principles of res judicata apply more flexibly in the administrative context than in judicial proceedings).  Moreover, that decision supports the proposition that an individual who seeks reconsideration of an Immigration Judge's decision, rather than appealing, may challenge the issues underlying the motion to reconsider despite the subsequent finality of the decision, as occurred in this case.  *Stone*, 514 U.S. at 401 ("The denial of the motion is appealable as a separate final order, and if the original appeal is still pending it would seem that the court of appeals can consolidate the proceedings.").

Finally, we conclude that the Immigration Judge erred in granting asylum to the applicant, who is subject to a reinstated order of removal pursuant to

section 241(a)(5) of the Act and is in withholding of removal only proceedings. According to 8 C.F.R. § 1208.31(e), "If an asylum officer determines that an alien [who is subject to a reinstated removal order] has a reasonable fear of persecution or torture, the officer shall so inform the alien and issue a [referral to an Immigration Judge], *for full consideration of the request for withholding of removal only*." (Emphasis added.) The Ninth Circuit has held that the Attorney General's regulation at 8 C.F.R. § 1208.31(e) is a reasonable interpretation of the Act and is entitled to deference. *Perez-Guzman*, 835 F.3d at 1081–82. Therefore, the applicant is ineligible for asylum in these proceedings.[4] Accordingly, the Immigration Judge's grant of asylum will be vacated.

Since the Immigration Judge granted asylum, she did not address the applicant's request for withholding of removal or protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988). Thus, we will remand the record for the Immigration Judge to consider the applicant's requests for relief and protection under the applicable law. *See* section 241(b)(3)(A) of the Act; 8 C.F.R. §§ 1208.16–.18 (2017). We express no opinion regarding the ultimate outcome of these proceedings. *See Matter of L-O-G-*, 21 I&N Dec. 413, 419 (BIA 1996).

**ORDER:** The appeal of the Department of Homeland Security is sustained, and the Immigration Judge's grant of asylum is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[4] All of the circuit courts that have addressed whether an alien who is subject to a reinstated order of removal may apply for asylum have concluded that such an alien is ineligible for asylum. *See Garcia v. Sessions*, 873 F.3d 553, 557 (7th Cir. 2017), *petition for cert. filed*, (U.S. Jan. 9, 2018) (No. 17-984); *R-S-C v. Sessions*, 869 F.3d 1176, 1189–89 (10th Cir. 2017), *petition for cert. filed*, (U.S. Feb. 23, 2018) (No. 17-7912); *Mejia v. Sessions*, 866 F.3d 573, 587 (4th Cir. 2017); *Cazun v. Att'y Gen. U.S.*, 856 F.3d 249, 255–61 (3d Cir. 2017), *petition for cert. filed*, (U.S. Dec. 29, 2017) (No. 17-931); *Garcia v. Sessions*, 856 F.3d 27, 38–41 (1st Cir. 2017), *petition for cert. filed*, (U.S. Feb. 21, 2018) (No. 17-1212); *Jimenez-Morales v. U.S. Att'y Gen.*, 821 F.3d 1307, 1310 (11th Cir. 2016); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489–91 (5th Cir. 2015); *Herrera-Molina v. Holder*, 597 F.3d 128, 139 (2d Cir. 2010).