# Matter of M-N-I-, Respondent

*Decided May 24, 2024*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Since choice of law is dependent on venue in Immigration Court proceedings, the controlling circuit law is not affected by a change in the administrative control court and will only change upon the granting of a motion to change venue. *Matter of Garcia*, 28 I&N Dec. 693 (BIA 2023), followed.

FOR THE RESPONDENT: Jennifer C. Bade, Esquire, Brookline, Massachusetts

BEFORE: Board Panel: GREER and GORMAN, Appellate Immigration Judges; CROSSETT, Temporary Appellate Immigration Judge.

GORMAN, Appellate Immigration Judge:

In a decision dated October 24, 2023, the Immigration Judge denied the respondent's application for deferral of removal under the regulations implementing the Convention Against Torture ("CAT").[1] The respondent, a native and citizen of Morocco, has appealed that decision. The Department of Homeland Security ("DHS") has not responded to the appeal. Because we agree with the respondent that additional fact-finding and analysis are needed and the Immigration Judge misapplied choice of law precedent, we will remand these proceedings for the entry of a new decision.

## I. FACTUAL AND PROCEDURAL HISTORY

The record reflects that the respondent has been detained at the Moshannon Valley Processing Center ("Moshannon") in Philipsburg, Pennsylvania, throughout these proceedings. The proceedings commenced with the filing of a Notice to Appear ("NTA") on April 18, 2023, at the Cleveland, Ohio Immigration Court, which is within the jurisdiction of the United States Court of Appeals for the Sixth Circuit. The Cleveland Immigration Court was the designated administrative control court for

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for the United States on Nov. 20, 1994). *See* 8 C.F.R. §§ 1208.16(c)–1208.18(a) (2020).

hearings docketed at Moshannon at that time. *See* 8 C.F.R. § 1003.11 (2024) ("An administrative control Immigration Court is one that creates and maintains Records of Proceedings for Immigration Courts within an assigned geographical area."). Between April 18 and August 9, 2023, the respondent's hearing notices were issued from the Cleveland Immigration Court, and the internet-based hearings were conducted by an Immigration Judge who was physically located at the Richmond, Virginia Immigration Adjudication Center ("IAC"). Internal agency records reflect that on August 12, 2023, the Elizabeth, New Jersey Immigration Court, which is located within the jurisdiction of the United States Court of Appeals for the Third Circuit, was assigned administrative control over the respondent's case by an internal administrative process. However, no corresponding Immigration Judge order was contemporaneously issued to the parties reflecting this change.

Following the August 16, 2023, master calendar hearing—which was conducted by a Richmond, Virginia IAC Immigration Judge and at which the respondent appeared via teleconference—the respondent received a notice of internet-based hearing that the individual hearing would take place on October 20, 2023. This notice was issued from the Elizabeth Immigration Court but listed the address of the Cleveland Immigration Court as the hearing location. On October 4, 2023, the respondent filed a motion to change venue, arguing that venue lay with the Cleveland Immigration Court because neither party had filed a motion to change venue to the Elizabeth Immigration Court. In a subsequent brief to the Immigration Court, the respondent applied Sixth Circuit law.

On October 19, 2023, a different Immigration Judge denied the respondent's motion for lack of good cause shown, explaining in a form order that "[t]he Elizabeth Immigration Court now has jurisdiction over detainees at the Moshannon Valley Processing Center." After the respondent's individual hearing on October 20, 2023, the Immigration Judge applied Third Circuit law and denied deferral of removal under CAT.

## II. ANALYSIS

The respondent argues that the Immigration Judge erroneously applied Third Circuit law rather than Sixth Circuit law. We review this issue de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2020). For the reasons discussed below, we agree with the respondent that the Immigration Judge applied the incorrect circuit's law.

We recently held in *Matter of Garcia* that "the controlling circuit law in Immigration Court proceedings for choice of law purposes is the law governing the geographic location of the Immigration Court where venue lies, namely where jurisdiction vests and proceedings commence upon the

filing of a charging document, and will *only* change if an Immigration Judge subsequently grants a change of venue to another Immigration Court." 28 I&N Dec. 693, 703 (BIA 2023) (emphasis added); *see also* 8 C.F.R. §§ 1003.14(a), 1003.20(a)–(b) (2024). In that case, we focused primarily on the initial venue determination and instructed Immigration Judges to determine a case's initial venue by "identifying the Immigration Court where jurisdiction vested," which will "presumptively [be] at the Immigration Court where the charging document [wa]s filed." *Matter of Garcia*, 28 I&N Dec. at 703, 705. We observed that identifying the Immigration Court where jurisdiction vested is particularly important when the charging document is filed with an Immigration Court designated as the administrative control court because this court may be physically located in a different judicial circuit from the geographic area to which it is assigned. *See id.* at 696–97, 704–05 (explaining that "administrative control courts have varying levels of involvement with their respective geographic assignments and are subject to change").

Venue is not necessarily static and may change over the course of removal proceedings. However, only a party may initiate a change in venue and may only do so via a motion to change venue. 8 C.F.R. § 1003.20(b); *see also Matter of Garcia*, 28 I&N Dec. at 703 n.14 (providing that the filing of a Form I-830, Notice to EOIR: Alien Address, does not amount to a change of venue request).

As *Matter of Garcia* suggests, venue—and the corresponding choice of law determination—is distinct from an administrative control court designation. Although some interplay exists between an Immigration Court's administrative control over a case and that case's venue for choice of law purposes, the agency's administrative control designation over a record of proceedings does not replace nor circumvent the regulatory requirements for a change of venue. *See Matter of L-M-P-*, 27 I&N Dec. 265, 267 (BIA 2018) (affirming that neither the Immigration Judge nor the Board has the "authority to disregard the regulations, which have the force and effect of law"). Even if the agency's administrative control designation over a record of proceedings changes during the removal proceedings, the agency may not effectuate a venue change unilaterally from the Immigration Court where jurisdiction vested to a newly designated Immigration Court. *Cf.* 8 C.F.R. § 1003.10(b) (2020) (providing that Immigration Judges may only exercise the powers and duties delegated to them by the Immigration and Nationality Act and by the Attorney General through regulation).

For venue to change in these described circumstances, a motion for a change of venue by one of the parties is required. *See* 8 C.F.R. § 1003.20(b). Although earlier versions of the relevant regulation permitted Immigration Judges to change venue sua sponte and without prior notice to the parties,

that is no longer allowed under the current regulation. *See Matter of Rahman*, 20 I&N Dec. 480, 482 n.3 (BIA 1992). Consequently, since choice of law is dependent upon venue in Immigration Court proceedings, the controlling circuit law is not affected by a change in the administrative control court and will only change upon the granting of a motion to change venue. *See Matter of Garcia*, 28 I&N Dec. at 703.

As we explained in *Matter of Garcia*, tying the choice of law to venue offers the benefit of predictability. *See id.* at 697, 702–03 (citing *Mellouli v. Lynch*, 575 U.S. 798, 806 (2015)). Because venue may only be altered on the parties' initiative for good cause shown—and not by the agency for its administrative needs—linking choice of law with venue gives the parties notice of the law to be applied and an opportunity to mount a challenge when a change affecting the applicable law is proposed. *See id.* at 702–05 (noting that the case's holding "weigh[s] the regulatory description of administrative control courts and the varied roles they play in Immigration Court proceedings" with the interests of "consistency and transparency" for the parties). In contrast, tying the controlling circuit law to factors outside the parties' control, such as the Immigration Judge's physical location at the final hearing or the Immigration Court with subsequent administrative control over the record of proceedings, "could negate the jurisdiction of the circuit law that was controlling in prior hearings and significantly impact the parties' ability to prepare legal arguments pursuant to the applicable circuit law." *Id.* at 702.

## III. APPLICATION TO THE RESPONDENT

In this case, DHS filed the respondent's NTA at the Cleveland Immigration Court, which was the designated administrative control court for Moshannon at the time. The NTA instructed the respondent to appear at a hearing at the Cleveland Immigration Court. Jurisdiction unambiguously vested with the Cleveland Immigration Court, and venue consequently lay there. 8 C.F.R. §§ 1003.14(a), 1003.20(a); *see also Matter of Garcia*, 28 I&N Dec. at 703–05 & n.17 (recognizing that while jurisdiction presumptively vests where the charging document is filed, venue does not necessarily lie at an administrative control court solely because a charging document is filed there, and in identifying where jurisdiction vested, an Immigration Judge should consider facts including the location of the Immigration Court where the charging document orders the respondent to appear). The Cleveland Immigration Court separately and simultaneously gained initial administrative control over the respondent's record of proceedings. *See* 8 C.F.R. § 1003.11. Though the agency later transferred administrative control over the respondent's proceedings to the Elizabeth

Immigration Court through an internalized reallocation of responsibility, an Immigration Court's administrative control over a case does not dictate which circuit law is controlling; venue does. *See Matter of Garcia*, 28 I&N Dec. at 704 (explaining that "an administrative control court may solely maintain, and have custodial responsibility for, the record of proceedings, as opposed to being the court where proceedings are commenced pursuant to 8 C.F.R. § 1003.14(a)"); *Matter of R-C-R-*, 28 I&N Dec. 74, 74 n.1 (BIA 2020) (providing that the location of the administrative control court does not supply the circuit law applied to proceedings conducted via video conference). Because the parties never moved to change venue to the Elizabeth Immigration Court, as prescribed by regulation, venue continues to remain with the Cleveland Immigration Court.[2]

As choice of law is a legal issue that we review de novo, errors in applying choice of law by Immigration Judges do not automatically necessitate a remand when the record contains sufficient factual findings and analysis allowing the Board to engage in meaningful review of the record. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002) (instructing Immigration Judges to include in their decisions "clear and complete findings of fact that are supported by the record and [comply] with controlling law"). In such instances, the Board may elect to adjudicate the appeal by applying the correct circuit law de novo. However, since this case requires additional development of the factual record, we will not reach the substantive merits of this appeal and instead will remand the record for the entry of a new decision. *See Matter of Fedorenko*, 19 I&N Dec. 57, 74 (BIA 1984) ("[T]he Board is an appellate body whose function is to review, not to create, a record."), *abrogated on other grounds by Negusie v. Holder*, 555 U.S. 511 (2009).

On remand, the Immigration Judge should reevaluate the respondent's claim under Sixth Circuit law and apply relevant Board precedent, with consideration to the respondent's appellate arguments concerning the respondent's gender identity and sexual orientation. *See Matter of C-G-T-*, 28 I&N Dec. 740, 745 (BIA 2023) (explaining that "when considering future harm, adjudicators should not expect a respondent to hide" the respondent's sexual orientation).

On remand, the parties may update the record and the Immigration Judge may take any action necessary to prepare a new decision, which must provide complete factual findings, analyze applicable legal precedents, meaningfully

---

[2] The Immigration Judge's adverse ruling on the respondent's motion to "change" venue does not alter this conclusion. The Immigration Judge's determination that the Elizabeth Immigration Court "now has jurisdiction over" the respondent is legal error because jurisdiction remained with the Cleveland Immigration Court, where jurisdiction initially vested. *See* 8 C.F.R. §§ 1003.14(a), 1003.20(a)–(b).

engage with the country conditions evidence, and clearly set forth legal conclusions. *See Matter of A-P-*, 22 I&N Dec. 468, 477 (BIA 1999) (holding that Immigration Judges' decisions must contain the reasons underlying their determinations, "reflect [their] analysis of the applicable statutes, regulations, and legal precedents, and clearly set forth [their] legal conclusions"). In remanding, we express no opinion regarding the outcome of these proceedings. *See Matter of L-O-G-*, 21 I&N Dec. 413, 422 (BIA 1996).

**ORDER:** The respondent's appeal is sustained in part.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.