In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2063

ELIZABETH P. WARD, individually and as
parent and natural guardian to ESTEFANIE
EBRADA CAINTO, a minor child,

*Petitioners,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of
the Board of Immigration Appeals.
Nos. A099-176-781 & A099-176-782

ARGUED NOVEMBER 4, 2010—DECIDED JANUARY 21, 2011

Before BAUER, MANION and HAMILTON, *Circuit Judges*.

BAUER, *Circuit Judge.* Petitioners seek review of a deci-
sion of the Board of Immigration Appeals (the "BIA")
upholding an immigration judge's finding that they
are removable from the United States under 8 U.S.C.
§ 1227(a)(1) and ineligible for cancellation of removal

under 8 U.S.C. § 1154(a)(1)(A)(iii). Petitioners contend that a single member of the BIA issued an improper written opinion that went beyond the scope of an individual BIA member's power to affirm, modify, or remand an immigration judge's decision in a "brief order" pursuant to 8 C.F.R. § 1003.1(e)(5). This court's jurisdiction over final orders of removal is governed by 8 U.S.C. § 1252. The written order issued by the BIA on March 31, 2010 constitutes a final order of removal under 8 C.F.R. § 1003.1(d)(7); therefore the case is properly before this court.

## I. BACKGROUND

Petitioner Ward and her daughter Cainto, natives and citizens of the Philippines, entered the United States in March 2004 on non-immigrant K visas. Ward entered on a K-1 visa as the fiancée of a United States citizen and Cainto entered on a K-2 visa as a minor child accompanying her mother to the United States.

Ward married her citizen fiancé in May 2004. The marriage dissolved shortly thereafter and Ward never applied for permanent resident status based upon her marriage. In November 2006, the Department of Homeland Security ("DHS") ordered petitioners to appear before an immigration judge to explain why they should not be removed from the United States for having overstayed their visas. Prior to her removal hearing, Ward petitioned DHS for an immigrant visa under 8 U.S.C. § 1154(a)(1)(A)(iii), a statute which enables the former spouse of a United States citizen who was

subjected to battery or extreme cruelty to remain in the United States. DHS denied Ward's petition for this special visa in April 2007. In December 2008, an immigration judge conducted a merits hearing to adjudicate whether petitioners were removable and, if so, whether their application for cancellation of removal was properly denied. The immigration judge found that removability had been established by evidence that was "clear and convincing" and that petitioners were ineligible for cancellation of removal. The BIA affirmed in a three-page decision issued by a single member on March 31, 2010.

## II. DISCUSSION

Petitioners urge us to remand their case to the BIA with instructions to review their appeal in a three-member panel. In their view, the order issued by a single member pursuant to 8 C.F.R. § 1003.1(e)(5) overstepped the BIA's own bounds for reviewing immigration appeals in such a manner. For the reasons described below, we decline to grant petitioners the relief they seek in this matter.

We begin with the question of jurisdiction. Only constitutional claims and questions of law properly raised in connection with an order of removal are reviewable. 8 U.S.C. § 1252(a)(2)(D). Legal questions include "challenges to the BIA's interpretation of a statute, regulation, or constitutional provision, claims that the BIA misread its own precedent or applied the wrong legal standard, or claims that the BIA failed to exercise discretion at all." *Patel v. Holder*, 563 F.3d 565, 568 (7th Cir. 2009). We find that the question raised by petitioners is a legal

one, since it involves interpretation of the guidelines set for review of immigration appeals under 8 C.F.R. § 1003.1(e).

In the immigration context, a two-pronged analysis governs whether failure to adhere to an administrative guideline renders the underlying action taken invalid. First, the regulation in question must serve a "purpose of benefit to the alien." *Martinez-Camargo v. INS*, 282 F.3d 487, 491 (7th Cir. 2002) (quoting *Matter of Garcia-Flores*, 17 I. & N. Dec. 325 (B.I.A. 1980). If the regulation is found to serve a purpose of benefit to the alien, the action is then invalid only if the violation "prejudiced the interests of the alien protected by the regulation." *Id*. As the BIA itself put it in *Garcia-Flores*, "where an entire procedural framework, designed to insure the fair processing of an action affecting an individual is created but then not followed by an agency, it can be deemed prejudicial." *Garcia-Flores*, 17 I. & N. at 329. The analysis adopted in *Martinez-Camargo* endeavors to strike a balance between "recognizing the need for administrative agencies to follow their own rules" and acknowledging "the practical reality that not every agency violation impacts an alien's substantive rights." *Martinez-Camargo*, 282 F.3d at 491. In order to assess whether the regulation serves a purpose of benefit to the alien, we must first look to the language of 8 C.F.R. § 1003.1.

Section 1003.1 of Title 8 of the Code of Federal Regulations governs the organization, jurisdiction, and powers of the BIA. Under subsection (e)(3), a single board member is initially assigned to an appeal using the BIA's case

management system. The member assigned to that appeal is then vested with the authority to determine how it should be handled by the BIA. The member may summarily dismiss the appeal once the record is complete or may elect to have the case decided on the merits. A decision on the merits is issued in one of three ways. In the most straightforward cases, a formulaic "affirmance without opinion" is issued by the member pursuant to subsection (e)(4). In cases requiring more in-depth analysis, the member may issue a brief order pursuant to subsection (e)(5) or designate the appeal for review by a three-member panel pursuant to subsection (e)(6). The default is single member review. ("[T]he Board member *shall* issue a brief order . . . unless the Board member designates the case for decision by a three-member panel under paragraph (e)(6) . . . ." 8 C.F.R. § 1003.1(e)(5) (emphasis added).

Various circumstances set forth in subsection (e)(6) provide a basis for referral of an appeal to a three-member panel. These circumstances include the need to settle inconsistencies among rulings of different judges, the need to establish precedent, the need to review a decision not in conformity with the law, and the need to review a clearly erroneous factual determination by a judge. 8 C.F.R. § 1003.1(e)(6). While we agree with the respondent that a "designed effect" of the case management provisions set forth in § 1003.1(e) is to assist the BIA in managing its caseload, we find that the provisions nonetheless serve a purpose of benefit to the alien. Though settling inconsistencies and establishing precedent undoubtedly assists the BIA in managing

its caseload, such action is also designed to rectify errors below that may have unfairly prejudiced an alien. The fact that the presence of a "need to review a clearly errone-ous factual determination" is a basis for three-member panel review underscores that the regulations were designed in the interests of justice as well as efficiency.

Having found that § 1003.1(e) serves a purpose of benefit to aliens, we are left to consider whether a viola-tion of the regulations set forth therein prejudiced peti-tioners. Since we have held that a streamlined review process withstands constitutional challenges on due process grounds[1], absent a violation of the applicable streamlining procedures, petitioners cannot be entitled to relief.

The § 1003.1(e) streamlining procedures afford the single member initially assigned to any given appeal significant discretion. Prior to the enactment of sub-section (e)(5) in 2002, a single member could only affirm without opinion. By adopting subsection (e)(5), the drafters intentionally expanded single member review. Subsection (e)(5) now gives BIA members the power to modify and remand the decisions of immigration judges in their sole discretion. It also confers upon them the right to explain their decisions if they don't feel a formulaic disposition of the appeal is appropriate. While subsection (e)(5) provides that a single member *may* refer an appeal to a three-member panel, this court has

---

[1] *See Gutnik v. Gonzales*, 469 F.3d 683, 691 (7th Cir. 2006) (citing *Georgis v. Ashcroft*, 328 F.3d 962 (7th Cir. 2003)).

not interpreted the subsection to require such a referral. *See Gutnik v. Gonzales,* 469 F.3d 683, 691 (7th Cir. 2006). The fact that petitioners' appeal may have been eligible for review by a three-member panel under the standards of the BIA's case management plan but was instead reviewed by a single member acting alone is irrelevant. In our view, it is apparent from the plain language of § 1003.1(e) that discretion in these matters is left to the panel member assigned to the case.

The heart of petitioners' argument is that the decision issued by a single BIA member in the case was not a "brief" order, as the language of subsection (e)(5) describes. Because the decision was perhaps lengthier than the average single-member decision, they argue the decision could only have appropriately been rendered by a three-member panel. This dogged focus on what is or is not "brief" provides no substantive evidence of abuse of discretion under the guidelines. To require referral to a three-member panel in each case that lends itself to more than a cookie-cutter order would be contrary to the plain language of § 1003.1(e). It would also "greatly weaken the designed effect [of the regulations] by encouraging BIA members to ignore the subsection (e)(5) procedure altogether and send anything requiring elaboration to a three-member panel." *Id.* at 692. We find that the language of 8 C.F.R. § 1003.1 is sufficiently clear in allowing a single member of the BIA to issue an order such as the one rendered in petitioners' case. Ergo, we cannot find that the BIA violated the review procedures set forth in § 1003.1(e) when a single member rendered a decision on petitioners' appeal

in his discretion without referring it to a panel of three. Having found no violation, we need not consider whether petitioners were prejudiced by the way the appeal was handled.

### III. CONCLUSION

While it may be prudent to require that certain appeals to the BIA be adjudicated by a three-member panel instead of a single member acting alone, we leave it to the drafters of the regulations to enact such a change if they find it to be necessary. In so doing, we preserve the spirit of judicial restraint that has long guided appellate review of administrative agency rules. Petitioners' request to have their appeal remanded for further proceedings before a three-member panel of the BIA is DENIED.