In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1816

JESUS DELGADO-ARTEAGA,

*Petitioner,*

*v.*

JEFF SESSIONS, Attorney General of
the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A089-281-390

ARGUED NOVEMBER 29, 2016 — DECIDED MARCH 23, 2017
AMENDED MAY 12, 2017[*]

Before BAUER, FLAUM, and HAMILTON, *Circuit Judges*.

---

[*] This amended opinion replaces and supersedes the opinion that was issued by the panel on March 23, 2017, and reported at 852 F.3d 635.

BAUER, *Circuit Judge.*  Over seven years and three petitions later, these proceedings have come to a conclusion. Petitioner, Jesus Delgado-Arteaga ("Delgado"), petitions for review of an order of the Board of Immigration Appeals' decision affirming the immigration judge's denial of withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture, 8 C.F.R. § 1208.16(c). Delgado challenges aspects of the expedited removal process under 8 U.S.C. § 1228(b) and a corresponding regulation, 8 C.F.R. § 1208.31(g)(2)(i). He also claims that the Board committed various legal errors. For the following reasons, we dismiss the petition for review in part for lack of jurisdiction and deny the remainder of his petition for review.

## I.  BACKGROUND

Delgado, a native and citizen of Mexico, entered the United States without inspection three times, most recently in May 1999. In December 2009, he was convicted in Illinois state court of felony possession of cocaine with intent to deliver in violation of 720 Ill. Comp. Stat. § 570/401(c)(2). He was sentenced to six months' imprisonment with two years of probation.[1]

---

[1]  In 2010, Delgado was subject to removal proceedings pursuant to 8 U.S.C. § 1229a, but those proceedings were terminated. He filed a petition with this Court, objecting to the termination of the § 1229a proceedings. Once DHS initiated proceedings under § 1228(b), Delgado filed a motion for voluntary dismissal of his first petition, which this Court granted. *Delgado v. Lynch*, 14-3127 (7th Cir. April 15, 2015). He filed a second petition with this Court after he was issued the Final Administrative Removal Order, but before he completed the reasonable fear interview. The

(continued...)

On March 3, 2015, the Department of Homeland Security initiated expedited removal proceedings pursuant to 8 U.S.C. § 1228(b). *See* 8 C.F.R. § 238.1 (setting forth procedures). DHS served Delgado a Notice of Intent, charging that Delgado was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B). On March 16, 2015, DHS issued a Final Administrative Removal Order ("FARO"), finding Delgado deportable as charged and ordering that he be removed to Mexico. Delgado expressed a fear of returning to Mexico to a DHS officer who then referred him to the Chicago Asylum Office for a reasonable fear interview.

On March 31, 2015, an asylum officer interviewed Delgado with his attorney present. On April 15, 2015, the asylum officer found that Delgado was credible, but concluded that he did not establish a reasonable fear of persecution or torture in Mexico. Delgado requested that an IJ review the asylum officer's negative decision. After a review, the IJ found that Delgado had established a reasonable possibility that he would be persecuted or tortured in Mexico. Accordingly, on April 30, 2015, the IJ vacated the asylum officer's decision, and placed Delgado in "withholding-only" proceedings. *See* 8 C.F.R. § 1208.31(g)(2)(i). The IJ permitted Delgado to file an application for withholding of removal and relief under the CAT, which he filed on June 16, 2015. *See id*.

---

[1] (...continued)
government filed a motion to dismiss the petition, which we granted because the FARO was not "final" for purposes of our review. *Delgado v. Lynch*, 15-1810 (7th Cir. Aug. 7, 2015).

On August 5, 2015, the IJ held a hearing on the merits. Both Delgado and his wife testified in support of his applications. He argued that he had not been convicted of an aggravated felony and that he should have been allowed to apply for asylum under 8 U.S.C. § 1158. At the hearing, the IJ concluded that it was not authorized to review DHS's determination that Delgado was convicted of an aggravated felony. The IJ ruled that Delgado was not eligible for asylum on two grounds: he was not permitted to apply for it in "withholding-only" proceedings; and, he was in removal proceedings pursuant to 8 U.S.C. § 1228(b). Thus, the IJ considered only Delgado's applications for withholding of removal and relief under CAT.

On September 23, 2015, the IJ denied both applications. First, the IJ found that Delgado's testimony and corroborating evidence was insufficient to meet his burden of proof under the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(ii). Alternatively, the IJ concluded that even if Delgado established his burden of proof, the IJ would have denied Delgado's application for withholding of removal because he had been convicted of a "particularly serious crime." The IJ found that 720 Ill. Comp. Stat. § 570/401(c)(2) was categorically a "drug trafficking crime," and thus, an illicit trafficking aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B). Because Delgado's conviction was an aggravated felony, the IJ concluded it was presumed to be a "particularly serious crime," 8 U.S.C. § 1231(b)(3)(B)(ii).

The IJ noted that the Attorney General has determined that drug trafficking aggravated felonies "presumptively constitute" particularly serious crimes absent "extraordinary and compelling circumstances." *Y-L-*, 23 I. & N. Dec. 270, 274 (BIA

2002); *see Bosede v. Mukasey*, 512 F.3d 946, 949–51 (7th Cir. 2008). In order to rebut this presumption, the applicant must establish that his conviction involved "(1) a very small quantity, (2) a very modest payment, (3) only peripheral involvement, (4) the absence of any violence or threat of violence, (5) the absence of any connection to organized crime or terrorism, and (6) the absence of any adverse or harmful effect on juveniles." *Bosede*, 512 F.3d at 951 (citing *Y-L-*, 23 I. & N. Dec. at 276–77). If the applicant satisfies all six criteria, the applicant must also show "other, more unusual circumstances (*e.g.*, the prospective distribution was solely for social purposes, rather than for profit)." *Id.* (quoting *Y-L-*, 23 I. & N. Dec. at 277).

The IJ held that Delgado's conviction was a "particularly serious crime" because Delgado failed to meet the factors as required under *Matter of Y-L-*. Specifically, the IJ found that Delgado failed to show that his conviction did not have an adverse effect on juveniles because Delgado lived with a nine-year-old child. The IJ also found that Delgado failed to establish a peripheral role in his drug-trafficking conviction. Lastly, even if Delgado met his burden under *Matter of Y-L-*, the IJ concluded that it would have denied the application because Delgado did not show it was more likely than not that he would face persecution in Mexico.

Delgado appealed to the Board, and requested review by a three-member panel. He challenged essentially every aspect of the IJ's decision. Additionally, he argued that the IJ incorrectly declined to consider an asylum application because 8 C.F.R. § 1208.31(g)(2)(i) is *ultra vires*.

On March 14, 2016, a single-member Board adopted and affirmed the IJ's decision, and entered an order dismissing Delgado's appeal. The Board declined to consider Delgado's argument that 8 C.F.R. § 1208.31(g)(2)(i) is *ultra vires*, reasoning that it lacked authority to make such a ruling. The Board concluded that the IJ properly found that Delgado's aggravated felony conviction presumptively constituted a "particularly serious crime." The Board explicitly agreed with the IJ's finding that Delgado failed to establish that he had only peripheral involvement in his drug-trafficking conviction. In addition, the Board found that Delgado failed to establish two other requirements under *Matter of Y-L-*: that his conviction was not connected to any organized crime; and, that the drugs were to be distributed solely for social purposes. A motion to reconsider was denied. Thereafter, Delgado filed this petition for review.

## II.  DISCUSSION

Generally, we lack jurisdiction to review denials of discretionary relief, including asylum. *See* 8 U.S.C. § 1252(a)(2)(C); *Aparicio-Brito v. Lynch*, 824 F.3d 674, 686 (7th Cir. 2016). "But, under 8 U.S.C. § 1252(a)(2)(D), we retain jurisdiction to review constitutional claims and questions of law raised in a petition for review." *Perez-Fuentes v. Lynch*, 842 F.3d 506, 510 (7th Cir. 2016) (citation omitted). Where, as here, the Board adopts and affirms the IJ's decision and provides its own analysis, we review both decisions. *Halim v. Holder*, 755 F.3d 506, 511 (7th Cir. 2014).

First, Delgado contends that DHS lacks legal authority to issue removal orders on behalf of the Attorney General

pursuant to 8 U.S.C. § 1228(b), and that § 1228(b) requires removal orders be issued by IJs. Second, he argues that he should have been permitted to apply for asylum under 8 U.S.C. § 1158 because the regulation at 8 C.F.R. § 1208.31(g)(2)(i) is *ultra vires*. Lastly, he argues that the Board committed various legal errors and failed to follow its procedures when adjudicating his case, such as failing to refer the case to a three-member panel, engaging in improper fact-finding, and overlooking his arguments on appeal.

### A. No Jurisdiction to Review Challenges to the Expedited Removal Process

Delgado challenges DHS's FARO dated March 16, 2015, arguing that DHS lacked legal authority to order Delgado's removal under 8 U.S.C. § 1228(b), and that the plain language of § 1228(b) requires that final orders of removal be issued by IJs.

We need not address these claims because Delgado's challenges to DHS's removal order were rendered moot when the IJ ordered that he be removed pursuant to DHS's FARO. Article III limits our review to "Cases" and "Controversies," and an "actual controversy" must exist through all stages of review. *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013). "[I]f an event occurs … that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citation omitted). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

*Qureshi v. Gonzales*, 442 F.3d 985, 988 (7th Cir. 2006) (citation omitted).

Here, no live case or controversy exists because we cannot grant any effectual relief to Delgado. He asks that we overturn DHS's FARO and remand for further proceedings before an IJ. But this hypothetical remand would consist only of an IJ issuing a removal order; any remaining challenges are without merit or have been waived. Assuming that it were possible to grant such relief, it remains true that the IJ issued an order that ordered Delgado be removed pursuant to DHS's FARO. As a result, the case is moot and we lack jurisdiction to review this challenge.

Lastly, we note that the jurisdictional issue here is further highlighted when considering the Tenth Circuit's decision in *Osuna-Gutierrez v. Johnson*, 838 F.3d 1030, 1033–35 (10th Cir. 2016). There, the petitioner brought an identical challenge, but it failed on the merits. Despite the same arguments, there are critical factual differences. In *Osuna-Gutierrez*, the petitioner was not placed in withholding-only proceedings, and, accordingly, the petitioner petitioned directly from DHS's FARO without any proceedings before an IJ. *Id*. Unlike the petitioner in *Osuna-Gutierrez*, an IJ ordered that Delgado be removed consistent and pursuant to DHS's FARO. This difference shows how the issue presented by Delgado is no longer "live." While it is tempting to fall in line with the Tenth Circuit, this factual difference precludes us from reaching the merits. Because there is no case or controversy, we must dismiss Delgado's challenge for lack of jurisdiction.

## B. No Jurisdiction to Review Challenge to 8 C.F.R. § 1208.31(g)(2)(i)

Next, Delgado contends that 8 C.F.R. § 1208.31(g)(2)(i) is *ultra vires* because it impermissibly precluded him from applying for asylum under 8 U.S.C. § 1158(a)(1). He claims that § 1158 permits all aliens to apply for asylum regardless of whether the alien is subject to administrative removal under § 1228(b). In other words, Delgado claims that he was "injured" when the regulation denied him the opportunity to apply for asylum.

We lack jurisdiction to review this challenge because Delgado cannot meet the injury-in-fact element required for standing. To establish an injury in fact, Delgado must show that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citation and quotation marks omitted).

Delgado cannot claim he suffered an "invasion of a legally protected interest" when 8 C.F.R. § 1208.31(g)(2)(i) precluded him from applying for asylum. Asylum is a form of discretionary relief in which "there is no liberty interest at stake." *Delgado v. Holder*, 674 F.3d 759, 765 (7th Cir. 2012); *see Ali v. Ashcroft*, 395 F.3d 722, 732 (7th Cir. 2005) (noting "denial of such relief does not implicate due process"). Because Delgado fails to establish an injury in fact, he lacks standing to challenge § 1208.31(g)(2)(i). Therefore, we dismiss this challenge for lack of jurisdiction.

### C. Challenges to the Board's Decision and Procedures

#### 1. Three-Member Panel

Delgado argues that the Board erred by not referring his case to a three-member panel. A single member may take "advantage of the streamlined procedures found in 8 C.F.R. §§ 1003.1(e)(4), (e)(5) for routine cases that can be processed quickly." *Joseph v. Holder*, 579 F.3d 827, 832 (7th Cir. 2009). The regulations give a single member discretion to refer an appeal to a three-member panel under six different circumstances, but referral is *not required*. 8 C.F.R. § 1003.1(e)(6) (listing circumstances); *see Ward v. Holder*, 632 F.3d 395, 398–99 (7th Cir. 2011) (noting "discretion … is left to the panel member assigned to the case"). In *Ward*, we were unable to find that the Board "violated the review procedures set forth in § 1003.1(e) when a single member rendered a decision on petitioners' appeal in his discretion without referring it to a panel of three." 632 F.3d at 399. Like the single member in *Ward*, the single member here had the discretion to refer the appeal to a three-member panel, but did not do so. Delgado fails to demonstrate that the Board violated the review procedures as set forth in 8 C.F.R. § 1003.1(e).

#### 2. Improper Fact-Finding

Next, Delgado contends that the Board violated 8 C.F.R. § 1003.1(d)(3)(iv) by engaging in improper fact-finding when it affirmed the IJ's conclusion that Delgado was convicted of a "particularly serious crime," 8 U.S.C. § 1231(b)(3)(B)(ii). "An argument that the Board has exceeded the scope of review permissible under [8 C.F.R. § 1003.1(d)(3)(iv)] is a legal one, for the purpose of § 1252(a)(2)(D)." *Rosiles-Camarena v. Holder*, 735

F.3d 534, 536 (7th Cir. 2013). The regulation provides that "[e]xcept for taking administrative notice of commonly known facts …, the Board will not engage in factfinding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv); *see Estrada-Martinez v. Lynch*, 809 F.3d 886, 894 (7th Cir. 2015) ("The Board must not find facts in the first instance … ."); *Lin v. Holder*, 630 F.3d 536, 545 (7th Cir. 2010) ("[T]he Board is not permitted to engage in fact-finding on appeal.").

Delgado argues that the Board impermissibly found that Delgado failed to establish two additional requirements under *Matter of Y-L-*: the absence of organized crime involvement and "other, more unusual circumstances" (*i.e.*, drugs were to be distributed solely for social purposes). *See Y-L-*, 23 I. & N. Dec. at 276–77. In response, the government does not dispute Delgado's argument, but claims that the Board's additional fact-finding was harmless error.

We agree with Delgado that the Board exceeded the permissible scope of review when it made the two findings at issue in the first instance. Nonetheless, Delgado fails to show that he was prejudiced by the Board's impermissible fact-finding. *See Issaq v. Holder*, 617 F.3d 962, 967 (7th Cir. 2010); *Perez-Fuentes*, 842 F.3d at 512 (noting that a petitioner must show that the alleged error "may have had the potential to change the outcome of the hearing" (citation omitted)). Here, the Board adopted the IJ's decision, and explicitly agreed with the IJ's finding that Delgado did not establish that he had only peripheral involvement in the drug-trafficking conviction. By adopting the IJ's decision, the Board also agreed with the IJ's finding that Delgado failed to show that his conviction did not

have an adverse effect on a juvenile. Despite the Board's impermissible fact-finding, Delgado still fails to satisfy two factors under *Matter of Y-L-*. He did not show how he was prejudiced.

### 3. Arguments to the Board

Delgado argues that the Board overlooked and failed to consider his arguments on appeal. "A claim that the [Board] has completely ignored the evidence put forth by a petitioner is an allegation of legal error." *Perez-Fuentes*, 842 F.3d at 512 (quoting *Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008)). This includes a claim that the Board "failed to exercise discretion at all by completely ignoring an argument." *Iglesias*, 540 F.3d at 530–31. Although the Board "does not have to write an exegesis on every contention, it must consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* at 531. "We have frequently remanded cases when the BIA's or the IJ's failure to discuss potentially meritorious arguments or evidence calls into question whether it adequately considered th[ose] arguments." *Kebe v. Gonzales*, 473 F.3d 855, 857 (7th Cir. 2007) (collecting cases).

Delgado lists, as we have done similarly here, several arguments that he claims were ignored by the Board: (1) his request for a three-member panel in his appeal to the Board; (2) that the IJ failed to properly develop the record; (3) that the IJ conducted an incorrect "pattern or practice" analysis under 8 C.F.R. § 1208.16(b)(2)(i); and, (4) his argument concerning an unpublished Board decision concerning Florida state law (the Board addressed and rejected this last argument).

Delgado's claim, alone, that the Board "completely ignored" an argument, does not sufficiently "enable a reviewing court" to determine whether that argument is "potentially meritorious." "[I]t is not the work of this Court to formulate arguments for the parties." *Kurzawa v. Jordan*, 146 F.3d 435, 447–48 (7th Cir. 1998), nor will we attempt to do so here. "[F]ailure to adequately develop and support these arguments results in waiver." *Lin*, 630 F.3d at 543. Delgado's challenge is perfunctory; he simply lists these arguments one-by-one, without any explanation. Therefore, we will consider these arguments waived.

### III. CONCLUSION

For the foregoing reasons, we DISMISS Delgado's petition for review in part for lack of jurisdiction and DENY the remainder of his petition for review.