In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3234

CIRILO G. GARCIA,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III,
Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A096-180-280

ARGUED APRIL 20, 2017 — DECIDED JUNE 8, 2017

Before MANION and ROVNER, *Circuit Judges*, and COLEMAN, *District Judge*.*

MANION, *Circuit Judge*. Petitioner Cirilo Garcia is a native citizen of Honduras currently subject to a reinstated order of removal. Federal regulations say that aliens in his position

_____

* The Honorable Sharon Johnson Coleman, of the United States District Court for the Northern District of Illinois, sitting by designation.

have no right to apply for asylum. Garcia argues that these regulations are inconsistent with the general asylum statute, 8 U.S.C. § 1158(a)(1). However, because asylum is a form of discretionary relief, he lacks standing to challenge the regulations prohibiting him from applying for it. Therefore, we dismiss the petition for lack of jurisdiction.

## I. Background

Garcia is a Honduran national who first came to the United States in 2003. He was ordered removed *in absentia* on October 24, 2003, and eventually departed in 2005. However, Garcia claims that he encountered persecution upon his return to Honduras because of his unpopular political views—specifically, his opposition to deforestation. Eventually, he was kidnapped and beaten. He chose to return to the United States in 2014 and, after being apprehended by Border Patrol, sought asylum.

Garcia expressed a fear of persecution and torture because of his activism if he returned to Honduras. On June 9, 2014, the Chicago Asylum Office issued a positive reasonable fear determination, finding that Garcia was generally credible and had a reasonable fear of torture. The Office referred his case to an Immigration Judge for withholding-only proceedings. See 8 C.F.R. § 208.31(e) ("If an asylum officer determines that an alien described in this section has a reasonable fear of persecution or torture, the officer shall so inform the alien and issue a Form I–863, Notice of Referral to the Immigration Judge, for *full consideration of the request for withholding of removal only*." (emphasis added)). Garcia then filed an asylum application in Immigration Court on September 8, 2014.

On October 29, 2014, the Immigration Judge granted Garcia statutory withholding of removal after finding that he had been persecuted in the past and it was more likely than not that he would be again if he returned to Honduras. The IJ explained that she lacked the authority to reconsider the reinstatement of Garcia's removal order. Garcia then appealed to the Board of Immigration Appeals, arguing that he has a statutory right to seek asylum under 8 U.S.C. § 1158(a). On July 25, 2016, the Board dismissed his appeal. It explained that it lacked authority to declare the controlling regulations in violation of the statute, but also noted that "several federal courts have held a person in reinstatement proceedings is not eligible for and cannot seek asylum." This petition followed.

## II. Discussion

The parties presented a straightforward question: may an alien subject to reinstatement of a removal order apply for asylum? The general asylum statute, 8 U.S.C. § 1158(a), says "[a]ny alien who is physically present in the United States or who arrives in the United States, … irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title." Garcia contends that this language grants him the right to apply for asylum. The Attorney General counters with the specific language of 8 U.S.C. § 1231(a)(5), providing that aliens subject to a reinstated order of removal are "not eligible and may not apply for any relief under this chapter." Since asylum is a form of relief, the Attorney General argues that Section 1235(a)(5) categorically prohibits Garcia's application.

Three of our sister circuits have agreed with the Attorney General. See *Jimenez-Morales v. U.S. Att'y Gen.*, 821 F.3d 1307, 1310 (11th Cir. 2016); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489–

90 (5th Cir. 2015); *Herrera-Molina v. Holder*, 597 F.3d 128, 139 (2d Cir. 2010).[1] But we need not reach the question, because in light of our recent decision in *Delgado-Arteaga v. Sessions*, No. 16-1816, 2017 WL 2001659, at *4 (7th Cir. May 12, 2017), it is clear that Garcia has not suffered a sufficient Article III injury-in-fact to confer federal jurisdiction. As we explained in that case, "[a]sylum is a form of discretionary relief in which 'there is no liberty interest at stake.'" *Id.* (quoting *Delgado v. Holder*, 674 F.3d 759, 765 (7th Cir. 2012)). Thus, denial of the opportunity to apply for asylum does not constitute "an invasion of a legally protected interest." *Id.* (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)). Garcia lacks standing and this petition must be dismissed.

### III. Conclusion

Because asylum is a form of discretionary relief, Garcia has no legal right to apply for it. Therefore, he lacks standing to challenge the application of regulations preventing him from applying. We dismiss his petition for lack of jurisdiction.

DISMISSED.

---

[1] The Third and Ninth Circuits reached the same conclusion, but after affording the regulations deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Cazun v. Att'y Gen.*, 856 F.3d 249, 261 (3d Cir. 2017); *Perez-Guzman v. Lynch*, 835 F.3d 1066, 1081–82 (9th Cir. 2016).