In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-4204

MARICELA HERRERA-RAMIREZ,

*Petitioner,*

*v.*

JEFFERSON B. SESSIONS III, Attorney General of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A 205 153 425.

ARGUED MAY 17, 2017 — DECIDED JUNE 15, 2017

Before WOOD, *Chief Judge*, and MANION and HAMILTON, *Circuit Judges*.

WOOD, *Chief Judge*. Maricela Herrera-Ramirez is fighting deportation from the United States. She is a citizen of Mexico, but she has been living in this country without the right to do so since she was six years old. She is married and has four U.S.-citizen children. She found herself facing removal after a

violent incident on December 30, 2011, in which she was in-
volved with a drive-by shooting near a Milwaukee bar where
she had been with her friends. State criminal proceedings fol-
lowed, and in time she came to the attention of U.S. Immigra-
tion and Customs Service, known as ICE, which instituted re-
moval proceedings against her. First an Immigration Judge
(IJ) and then the Board of Immigration Appeals (BIA) found
that her offense was a "particularly serious crime" for immi-
gration purposes, and thus that she was ineligible for with-
holding of removal (the only possible relief). She has filed a
petition for review from that determination, but we conclude
we lack jurisdiction over it because there is no legal issue be-
fore us, and so we dismiss on that basis.

The underlying facts of Herrera-Ramirez's offense are
straightforward. She was at the bar in Milwaukee with her
friends when the friends got into a fight with some other pa-
trons. Herrera-Ramirez ushered her friends out of the bar and
into her car; she intended to drive away. One of the friends,
however, told her to drive past the other patrons who were
still standing outside the bar. She did so, and the passenger
rolled down the car window and shot two of the bystanders.
Herrera-Ramirez claimed that she initially had no idea that
the passenger had a gun or what he was planning to do. After
the shooting, Herrera-Ramirez drove off and dropped her
friends off somewhere. She did not contact the police, but the
police found her, arrested her, and found the gun in her car.
She was charged with, and convicted for, first-degree reckless
injury in violation of Wis. Stat. § 940.23(1)(a). The court sen-
tenced her to 11 months in prison. She came to the attention
of ICE a short time after the shooting, and that led to the order
of removal she is challenging.

On a petition for review of a decision of the BIA, we have jurisdiction over final orders, but our authority is not unlimited. As relevant here, we may not second-guess the Board's decision that the crime of which a petitioner has been convicted is a "particularly serious" one, see 8 U.S.C. § 1252(a)(2)(B)(ii), unless the petitioner has raised a question of law, see *id.* § 1252(a)(2)(D). We must therefore decide whether Herrera-Ramirez has raised a legal question, or if she is disputing only the Board's discretionary characterization of her offense.

As Herrera-Ramirez sees it, the critical issue is whether the Board correctly interpreted the term "particularly serious crime." She emphasizes the fact that she was charged as a party to the crime of first-degree reckless injury, not as the principal offender. That much is true, but it does not help her. Under Wisconsin law, all parties to a crime are principals for liability purposes, even if they did not directly commit the crime. Wis. Stat. § 939.05(1). The law defines as a party to a crime any person who (a) directly commits the crime, (b) intentionally aids and abets the commission of the crime, or (c) is a party to a conspiracy to commit the crime or advises another to commit it. Wis. Stat. § 939.05(2). At Herrera-Ramirez's criminal trial, therefore, the jury needed only to find that she did one of those three things in order to convict her. In *Holland v. State*, 280 N.W.2d 288 (Wis. 1979), the Supreme Court of Wisconsin noted that "the party to a crime statute does not create three separate and distinct offenses." *Id.* at 293. See also *State v. Zelenka*, 387 N.W.2d 55, 60 (Wis. 1986); *State v. Charbarneau*, 264 N.W.2d 227, 229 (Wis. 1978). In short, nothing about the fact that Herrera-Ramirez was charged as a party to a crime prevented the Board from regarding her level of culpability as significant

under the immigration laws. We note that even the shooter was charged as a party to a crime.

Herrera-Ramirez also contends that she was just a minor player in the unfolding violence—nothing more than an inadvertent aider and abettor who had no idea that the passenger was going to shoot at the bystanders. But this is not a legal argument; at best it is a characterization of the facts. (And some of the facts are unfavorable to Herrera-Ramirez, including that she told police she realized her passenger had a gun before the shooting, and that she thought that the passenger meant only to rob the men standing outside the bar, not to shoot them.)

No rule of law prevents the Board from regarding Herrera-Ramirez's offense as "particularly serious." Pertinent regulations allow the Board to examine "the nature of the conviction, the type of sentence imposed, and the circumstances underlying facts of the conviction" in the course of determining whether a crime meets that standard. *Estrada-Martinez v. Lynch*, 809 F.3d 886, 889 (7th Cir. 2016) (quoting *In re N-A-M*, 24 I. & N. Dec. 336, 342 (BIA 2007)). The Board also is entitled to, and did, give weight to the elements of the offense and the nature of the crime. *N-A-M*, 24 I. & N. Dec. at 342. At worst, it did not give as much weight to Herrera-Ramirez's supposedly peripheral role in the offense as she would have liked. But that was a discretionary decision beyond our authority to review.

Herrera-Ramirez also accuses the Board of totally ignoring her argument that the evidence did not support a finding that her offense was especially serious, and she points out that such a claim describes a legal error. *Delgado-Arteaga v. Sessions*, 856 F.3d 1109, 1116–17 (7th Cir. 2017). The problem with this

point is that the Board did identify the evidence supporting its determination. It noted the following facts about the offense: (1) it required that she have caused great bodily harm under circumstances showing utter disregard for human life, (2) it was a crime against a person, and (3) it involved driving a car while another person shot a gun. It also quoted the IJ's conclusion that the offense "was a dangerous crime against [*sic*] involving driving a motor vehicle through the city streets while people in the car shot out a window." Herrera-Ramirez's argument that the Board ignored the fact that her sentence was seemingly light and she was released early for good behavior is similarly unfounded. It acknowledged these facts at the beginning of its opinion, even though it did not repeat them later during the discussion of what made the offense particularly serious.

We conclude by noting that Herrera-Ramirez would face additional problems even if she had somehow surmounted the jurisdictional barrier. She failed to present her argument based on Wisconsin's "party-to-the-crime" statute to the Board, and so there is a serious question whether she properly exhausted her remedies. See 8 U.S.C. § 1252(d)(1). The fact that she complained more generally about the "particularly serious" label would not be enough if it did not alert the Board to the specific issue she had in mind. Finally, even if exhaustion did not block her case, she would still have to persuade us that the Board abused its discretion when it refused to place very much weight on her role in the offense. That, too, is a heavy lift.

We need not resolve those issues, however, because we lack jurisdiction over this petition for review. It is therefore DISMISSED.