In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3234

CIRILO G. GARCIA,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III,
Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A096-180-280

ARGUED APRIL 20, 2017 — DECIDED OCTOBER 11, 2017

Before MANION and ROVNER, *Circuit Judges*, and COLEMAN, *District Judge*.[*]

MANION, *Circuit Judge*. Petitioner Cirilo Garcia is a native citizen of Honduras currently subject to a reinstated order of removal. Federal regulations say that aliens in his position

[*]The Honorable Sharon Johnson Coleman, of the United States District Court for the Northern District of Illinois, sitting by designation.

have no right to apply for asylum. Garcia argues that these regulations are inconsistent with the general asylum statute, 8 U.S.C. § 1158(a)(1). Following circuit precedent, we initially held that Garcia lacked standing to challenge the regulations because of the discretionary nature of asylum. However, we now grant Garcia's petition for rehearing to address the standing question. The government now agrees that Garcia has standing.

We agree with the parties that Garcia has standing to file this petition, and as we discuss below, anything to the contrary in this court's precedent will be overruled. However, on the merits we conclude that 8 U.S.C. § 1231(a)(5) plainly prohibits aliens in Garcia's position from applying for asylum. Therefore, we deny his petition for review.

## I. Background

Garcia is a Honduran national who first came to the United States in 2003. He was ordered removed *in absentia* on October 24, 2003, and eventually departed in 2005. However, Garcia claims that he encountered persecution upon his return to Honduras because of his unpopular political views—specifically, his opposition to deforestation. Eventually, he was kidnapped and beaten. He chose to return to the United States in 2014 and, after being apprehended by Border Patrol, sought asylum.

Garcia expressed a fear of persecution and torture because of his activism if he returned to Honduras. On June 9, 2014, the Chicago Asylum Office issued a positive reasonable fear determination, finding that Garcia was generally credible and had a reasonable fear of torture. The Office referred his case to an Immigration Judge for withholding-only proceedings.

See 8 C.F.R. § 208.31(e) ("If an asylum officer determines that an alien described in this section has a reasonable fear of persecution or torture, the officer shall so inform the alien and issue a Form I–863, Notice of Referral to the Immigration Judge, for *full consideration of the request for withholding of removal only*." (emphasis added)). Garcia then filed an asylum application in Immigration Court on September 8, 2014.

On October 29, 2014, the Immigration Judge granted Garcia statutory withholding of removal after finding that he had been persecuted in the past and it was more likely than not that he would be again if he returned to Honduras. The IJ explained that she lacked the authority to reconsider the reinstatement of Garcia's removal order. Garcia then appealed to the Board of Immigration Appeals, arguing that he has a statutory right to seek asylum under 8 U.S.C. § 1158(a). On July 25, 2016, the Board dismissed his appeal. It explained that it lacked authority to declare the controlling regulations in violation of the statute, but also noted that "several federal courts have held a person in reinstatement proceedings is not eligible for and cannot seek asylum." This petition followed.

## II. Discussion

The parties have presented a straightforward question: may an alien subject to reinstatement of a removal order apply for asylum? The general asylum statute, 8 U.S.C. § 1158(a), says "[a]ny alien who is physically present in the United States or who arrives in the United States … irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title." Garcia contends that this language grants him the right to apply for asylum. The Attorney General counters with the specific language of 8 U.S.C. § 1231(a)(5), providing that aliens

subject to a reinstated order of removal are "not eligible and may not apply for any relief under this chapter." Since asylum is a form of relief, the Attorney General argues that Section 1231(a)(5) categorically prohibits Garcia's application.

Initially, the Attorney General also argued that Garcia lacked standing to file this petition in light of our decision in *Delgado-Arteaga v. Sessions*, 856 F.3d 1109, 1115 (7th Cir. 2017). In that case, we held that because "[a]sylum is a form of discretionary relief in which 'there is no liberty interest at stake[,]'" the petitioner had not suffered an Article III injury-in-fact when he was denied the opportunity to apply. *Id.* (quoting *Delgado v. Holder*, 674 F.3d 759, 765 (7th Cir. 2012)). Relying on *Delgado-Arteaga*, the panel initially reached the same conclusion in this case. *Garcia v. Sessions*, 859 F.3d 406, 408 (7th Cir. 2017).

In response to Garcia's petition for rehearing, the government repudiated its standing argument. Moreover, we recognize that we are the only circuit to hold that a petitioner lacks standing to assert a statutory right to apply for asylum. See *Mejia v. Sessions*, 866 F.3d 573, 583–84 (4th Cir. 2017) (collecting cases). In light of these considerations, we hereby grant Garcia's motion for panel rehearing. Subsequently, a majority of the active judges of this court indicated a desire to overrule the cited portion of *Delgado-Arteaga* in accordance with our procedures under Circuit Rule 40(e).

We now conclude that *Delgado-Arteaga*'s holding was inconsistent with Article III standing doctrine. A litigant has standing to sue if he has suffered an injury-in-fact, the injury is fairly traceable to the defendant's conduct, and it is redressable by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Garcia has been denied the

right to apply for asylum. While asylum is indeed entirely discretionary, an alien must be allowed to apply for asylum before he can receive it. In other words, the denial of a statutory right to apply for asylum extinguishes any chance an alien might have had to receive asylum. Therefore, it is a sufficient injury-in-fact under Article III even though there is no due process right to asylum. That injury is caused by the Attorney General's interpretation of Section 1231(a)(5) and could be cured by a favorable decision of this court. That is, even though this court could never guarantee that Garcia *receive* asylum, it could order the Attorney General to allow him to *apply*. Therefore, Garcia has standing to challenge the denial of his alleged statutory right to apply for asylum. Insofar as *Delgado-Arteaga* held otherwise, it is overruled.[1]

Because we have decided that Garcia has standing to petition, we must reach the merits of his claim. The question he presents—whether an alien subject to a reinstated order of removal may apply for asylum—has recently confronted several of our sister circuits. All of them have answered in the negative, although there is a significant split in the reasoning of those decisions. The Second, Fourth, Fifth, and Eleventh Circuits each found the text of 8 U.S.C. § 1231(a)(5) dispositive,[2] while the First, Third, and Ninth Circuits deferred to the

---

[1] This opinion has thus been circulated to all judges in active service on this court and no judge voted to rehear this case en banc.

[2] *Herrera-Molina v. Holder*, 597 F.3d 128, 139 (2d Cir. 2010) ("According to the relevant statutory and regulatory provisions, relief other than withholding of removal, e.g., asylum or cancellation of removal, is not available to this petitioner."); *Mejia*, 866 F.3d at 584 ("[W]e discern no ambiguity in the interplay between § 1231(a)(5) and § 1158(a)(1). We think it clear that, by enacting the reinstatement bar, Congress intended to preclude individuals subject to reinstated removal orders from applying for asy-

government's position under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).[3] We agree with the result in all these cases. Further, we follow the first group of courts and hold that the plain text of 8 U.S.C. §1231(a)(5) prohibits Garcia from applying for asylum.

Section 1231(a)(5) prohibits aliens subject to reinstated orders of removal from applying for "any relief under this chapter." "[A]sylum is a form of relief from removal," *Jimenez-Morales*, 821 F.3d at 1310, "because, if granted, it prevents the removal from going forward[,]" *Ramirez-Mejia*, 794 F.3d at 489. That is why "[c]ourts routinely refer to asylum as a form of

lum."); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 490 (5th Cir. 2015) ("Section 1231(a)(5), read plainly, broadly denies all forms of redress from removal, including asylum."); *Jimenez-Morales v. U.S. Att'y Gen.*, 821 F.3d 1307, 1310 (11th Cir. 2016) ("As asylum is a form of relief from removal, we join the Second and Fifth Circuits in holding that a person like Mr. Jimenez-Morales is not eligible for and cannot seek asylum." (citation omitted)).

[3] *Garcia v. Sessions*, 856 F.3d 27, 41 (1st Cir. 2017) ("[W]e cannot say that the agency acted unreasonably in choosing to ensure that the same aliens who could not seek asylum still would be protected through withholding of removal from suffering persecution or torture in their home country, in accord with § 1231(b)(3)(A)'s clear directive to the Attorney General to afford that vital and long-understood-to-be mandatory protection."); *Cazun v. Att'y Gen.*, 856 F.3d 249, 260 (3d Cir. 2017) ("It was reasonable for the agency to conclude that the statutory reinstatement bar foreclosing 'any relief under this chapter' means just what it says: no asylum relief is available to those subject to reinstated removal orders."); *Perez-Guzman v. Lynch*, 835 F.3d 1066, 1082 (9th Cir. 2016) ("[W]e hold that 8 C.F.R. § 1208.31(e) is a reasonable interpretation of the interplay between § 1158 and § 1231, and we must therefore defer to it under *Chevron*. In keeping with that regulation, Perez is not eligible to apply for asylum under § 1158 as long as he is subject to a reinstated removal order."). But see *Cazun*, 856 F.3d at 262 (Hardiman, J., concurring in the judgment) (noting that he would find the agency's interpretation compelled by the statutory text).

relief from removal and frequently employ the phrase 'asylum relief.'" *Id.* Because the word "any" typically "has an expansive meaning," *United States v. Gonzales*, 520 U.S. 1, 5 (1997), it should be read to encompass all forms of relief, including asylum. Therefore, Congress has unambiguously declared that aliens in Garcia's position are ineligible to apply for asylum.[4]

The general asylum statute, 8 U.S.C. § 1158(a), doesn't change that result. While it says that "[a]ny alien … irrespective of such alien's status, may apply for asylum," that general statement is followed by numerous exceptions. Section 1231(a)(5) should be read as another limitation on the right to apply for asylum. "Canons of statutory construction discourage an interpretation that would render a statute meaningless and usually require that a 'specific' statute prevail over a 'general' one." *In re Baker*, 430 F.3d 858, 860 (7th Cir. 2005). Garcia's proffered interpretation of Section 1158(a) attempts to use that subsection to trump the specific prohibition in Section 1231(a)(5), rendering that prohibition meaningless. Therefore, we join the Second, Fourth, Fifth, and Eleventh Circuits in rejecting it.

### III. Conclusion

We hold, contrary to *Delgado-Arteaga v. Sessions*, that an alien has standing to contest a denial of the right to apply for asylum in this court. That portion of *Delgado-Arteaga* is therefore overruled. However, we join our sister circuits in holding

---

[4] We don't address whether withholding of removal might also be a form of "relief" under Section 1231(a)(5) even though Garcia received it. Neither party takes issue with the grant of withholding in this case so it is not properly before the court.

that an alien subject to a reinstated order of removal is not eligible to apply for asylum. Therefore, we deny Garcia's petition for review.

DENIED