In the

# United States Court of Appeals

### For the Seventh Circuit

No. 14-3754

JESUS ANTONIO CRUZ-MARTINEZ,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III, Attorney General of the United States,

*Respondent*.

On Petition for Review of an Order of the Board of Immigration Appeals.
No. A078-867-386

ARGUED FEBRUARY 8, 2018 — DECIDED MARCH 14, 2018

Before FLAUM, EASTERBROOK, and MANION, *Circuit Judges*.

MANION, *Circuit Judge*. Jesus Antonio Cruz-Martinez petitions this Court to review the decision of the Board of Immigration Appeals (Board) affirming the decision of the Immigration Judge (IJ). Cruz-Martinez argues on appeal that the Board erred by failing to consider his asylum claim and the reinstatement of his prior order of removal, denying him withholding of removal and protection under the Convention

Against Torture (CAT), and violating his right to due process by refusing to remand his case to the IJ for consideration of new evidence. We conclude his challenges are meritless and deny the petition for review.

## I. Background

A citizen of Mexico who was born in 1977, Cruz-Martinez first came to the United States from Mexico illegally in 1993. He was removed to his home country in 2002 under a signed, stipulated removal order dated October 22, 2002. This removal order is captioned "In the Matter of: Rocha-Martinez, Jose," which is an alias that Cruz-Martinez has used.

Cruz-Martinez states that in 2005 two armed men who had previously fought with his brothers threatened him at his mother's home in Mexico while they were looking for one of his brothers. His mother contacted the local police about the threat to Cruz-Martinez, but the police did nothing. According to Cruz-Martinez, the local police did nothing because the armed men had paid them off. Two months following this incident, Cruz-Martinez returned to the United States without permission.

While in the United States a second time, Cruz-Martinez acquired various criminal convictions including convictions for aggravated assault, possession of cocaine, and obstructing police. Cruz-Martinez also married a United States citizen with whom he has a child. He is also a step-father to her three other children. Additionally, since Cruz-Martinez returned to the United States in 2005, all of his siblings and his mother have come to reside in the United States. Some of his family members, including his mother, have gone back and forth to

Mexico without incident, and none of his family members have sought protection from persecution.

In 2014, the Department of Homeland Security reinstated the 2002 removal order. Expressing fear of being returned to Mexico, Cruz-Martinez was interviewed by the Asylum Office in Chicago, which made a positive reasonable-fear determination. Cruz-Martinez then applied for protection from persecution with the Immigration Court. Before the IJ, Cruz-Martinez testified that he is afraid that if he returns to Mexico, he will be kidnapped, subjected to extortion, tortured, and killed. He cites a fear of the two armed men who attacked him, as well as gangs and organized crime in Mexico. Cruz-Martinez's wife also testified, including about having been robbed at gunpoint in Mexico when she visited during her prior marriage.

The IJ denied Cruz-Martinez's application. The IJ held that while Cruz-Martinez testified credibly, he did not establish a clear probability of either persecution or torture. The IJ found that the incident involving the two armed men in 2005 was isolated and insufficiently severe to constitute past persecution, and there was no pattern of ongoing or escalating harm. The IJ also noted that after the incident in 2005, he remained in Mexico for two months. During that time no one sought to harm Cruz-Martinez, no one in his family was harmed, and his brother did not file a claim for protection. Regarding Cruz-Martinez's fears based on the deteriorating conditions in Mexico, the IJ cited the fact that members of Cruz-Martinez's family traveled back and forth to Mexico without incident. Finally, the IJ found that Cruz-Martinez did not present any evidence that "he would be detained or subjected to torture" by either the government or someone else with the government's

acquiescence. The IJ made particular note that deportees do not constitute a particular social group and that while those with family in the United States may have an increased likelihood of being kidnapped for extortion that "does not convert them into people who are being persecuted on account of their membership in a particular group or for any reason other than generalized criminal misconduct."

The Board affirmed the IJ's decision. Specifically, the Board found the IJ did not err in determining that Cruz-Martinez failed to meet his burden of proof for relief. The Board rejected Cruz-Martinez's claim that the isolated threat and generalized crime supported a claim for persecution. Regarding his prior removal order, the Board noted that Cruz-Martinez conceded to using the name listed on the 2002 stipulated removal order during his asylum interview. Finally, the Board denied Cruz-Martinez's request for the IJ to consider new evidence that he submitted to the Board, namely the U.S. State Department's travel warning for Mexico and recent news articles about conditions in Mexico. The Board concluded that Cruz-Martinez did not establish that this new evidence would alter the outcome of his case.

Following the Board's affirmance of the IJ's decision, Cruz-Martinez filed this petition for review.

## II. Analysis

Challenging the stipulated order of removal, Cruz-Martinez argues that he should be in removal and not withholding-only proceedings. He contests the content of the stipulated order of removal, including the name on the caption, "In the Matter of Rocha-Martinez, Jose." Cruz-Martinez's

challenge is unavailing. In his asylum interview, Cruz-Martinez conceded that he used the name listed on the stipulated removal order. Moreover, Cruz-Martinez failed to challenge the stipulated removal order within thirty days of its entry, which was October 23, 2002. 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Torres-Tristan v. Holder*, 656 F.3d 653, 656 (7th Cir. 2011) ("We do not look behind the reinstatement to entertain challenges to the earlier, underlying removal order.") (citation omitted). Finally, Cruz-Martinez argues that his due process rights were violated based on the reinstatement of the prior removal order because the reinstatement was unsigned and his case should be remanded for consideration of this issue. As we have previously noted, our "jurisdiction in such an instance extends only to the question whether the reinstatement order was properly entered; we cannot look behind that order to the underlying removal order." *Gomez v. Chavez*, 308 F.3d 796, 801 (7th Cir. 2002). Because there is a signed reinstatement in the Department of Homeland Security Administrative record, remand for the consideration of this issue would be futile. *See Lopez v. Lynch*, 810 F.3d 484, 492 (7th Cir. 2016). Cruz-Martinez does not deny that he was unlawfully in the United States at both times, nor does he make any meaningful argument to challenge the reinstatement of his 2002 stipulated removal order. Therefore, Cruz-Martinez's challenge of the stipulated removal order fails.

Cruz-Martinez next contends that the IJ and Board erred as a matter of law by failing to consider his application for asylum. As we held in *Garcia v. Sessions*, aliens subject to a reinstated order of removal cannot apply for asylum. 873 F.3d 553, 556-57 (7th Cir. 2017).

As an alien subject to a reinstated order of removal, Cruz-Martinez cannot apply for asylum. Therefore, the IJ and Board did not err in rejecting his claim for asylum.

Cruz-Martinez also challenges the Board's affirmance of the IJ's denial of his claim for withholding of removal based on future persecution. Specifically, Cruz-Martinez asserts that "threats can form the basis for persecution." Our review of the Board's decision is deferential, and we will deny a petition for review if the "Board's decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Li Ying Zheng v. Holder*, 722 F.3d 986, 989 (7th Cir. 2013) (internal quotations and citations omitted). To be entitled to withholding of removal based on fear of future persecution, a petitioner must establish that he would be subject to persecution based on a statutorily protected ground, such as race, religion, nationality, political opinion, or membership in a "particular social group." 8 U.S.C. § 1231(b)(3)(A). Additionally, the harm feared to be suffered must be attributable to the "government or to a nongovernmental entity that the government is unable or unwilling to control." *Almutairi v. Holder*, 722 F.3d 996, 1002 (7th Cir. 2013). Persecution includes "punishment or the infliction of harm for political, religious, or other reasons that this country does not recognize as legitimate." *Pathmakanthan v. Holder*, 612 F.3d 618, 622 (7th Cir. 2010) (citations omitted). Threats can rise to the level of persecution, but only if they are "of a most immediate and menacing nature." *Hernandez-Baena v. Gonzales*, 417 F.3d 720, 723 (7th Cir. 2005) (citation omitted). In a "vast majority of cases … mere threats will not, in and of themselves, compel a finding of past persecution." *Pathmakanthan*, 612 F.3d at 623 (quoting *Boykov v. INS*, 109 F.3d 413, 416 (7th Cir.1997)).

Here, Cruz-Martinez testified about one isolated threat from armed men, but did not establish the threat was based on a statutorily protected ground. The seriousness of the threat and likelihood of future persecution are dubious as well. Cruz-Martinez remained in Mexico for two months after the incident without harm or additional threats, and no harm has come to any of his family members, some of whom have traveled back and forth to Mexico without incident. Moreover, the threat was made over twelve years ago, and there is nothing in the record to indicate that the threat has been renewed or any reason to believe that it would be. Finally, the threat was not carried out by the government or an entity that the government sanctioned or could not control. Thus, there is reasonable, substantial, and probative evidence to support the determination that Cruz-Martinez did not suffer past persecution.

Regarding his CAT claim, Cruz-Martinez only generally argues that the Board erred and does not cite specific evidence or arguments in support of his claim that he would be subject to torture, much less that the government would commit such acts or that such acts would be committed by the government. Therefore, these arguments are waived. *See United Central Bank v. Davenport Estate, LLC*, 815 F.3d 315, 318 (7th Cir. 2016). Even in the absence of waiver, Cruz-Martinez failed to present evidence that he would be subject to torture by the government if he was returned to Mexico. Therefore, his CAT claim fails.

Finally, Cruz-Martinez contends that the Board violated his due process rights by refusing to remand his case to the IJ for consideration of new evidence, namely news articles

and a U.S. State Department report about increased kidnappings in Mexico. The Board declined to consider the evidence and found there was no basis to remand because "applicant has not established that this new evidence could possibly alter the decision in this case." This court reviews a Board's denial of a motion to remand for abuse of discretion. *See Yi Xian Chen v. Holder*, 705 F.3d 624, 631 (7th Cir. 2013). Cruz-Martinez presented no evidence that the articles and reports of generalized crime in Mexico showed that he would be more likely targeted for harm, be it persecution or torture. Therefore, the Board did not abuse its discretion in denying Cruz-Martinez's request for a remand for the consideration of new evidence.

### III. Conclusion

Because Cruz-Martinez is an alien subject to a prior removal order, he is not eligible to apply for asylum. Further, he did not meet his burden in establishing that he would be subject to future persecution or torture; thus, he is not entitled to withholding of removal or relief under CAT. Therefore, the petition for review is denied.